STATE OF NORTH CAROLINA v. GEORGE C. CORDON, JR.

No. 742SC71

(Filed 1 May 1974)

1. **Criminal Law § 145.1— consent to probation— abandonment of appeal**
   When a defendant consents to the terms of probation, he abandons his right to appeal on the issue of guilt or innocence and commits himself to abide by the stipulated conditions.

2. **Criminal Law § 145.1— probation revocation— appeal to superior court — question presented**
   Upon appeal from district court for a *de novo* hearing in superior court on the revocation of defendant's probation, defendant may not challenge his adjudication of guilt and the superior court is not required to review the record of defendant's original trial.

3. **Criminal Law § 145.1— revocation of probation**
   The evidence supported the trial court's determination that defendant had violated conditions of his probation by failing to be employed, by associating with disreputable persons, by failing to make payments on the fine imposed by the district court, and by being under the influence of marijuana.

APPEAL by defendant from *Godwin, Special Judge,* 13 August 1973 Session of Superior Court held in BEAUFORT County.

State v. Cordon

This is an appeal from an order revoking probation. Defendant was tried on 11 August 1972 in the District Court of Beaufort County for possession of marijuana. He entered a plea of guilty and the court, under authority of G.S. 90-96 and with the consent of defendant, deferred entry of judgment of guilt and placed defendant on probation for a term of two years. The order of probation provided:

"3. That as a condition of probation the aforesaid defendant shall:

(a) Avoid injurious or vicious habits;

(b) Avoid persons or places of disreputable or harmful character;

. . . .

(e) Work faithfully at suitable, gainful employment as far as possible . . .

. . . .

(h) Violate no penal law of any state or the Federal Government and be of general good behavior;

. . . .

(m) . . . Pay the cost and a fine of $300.00 at the direction of the Probation Officer."

In April 1973 defendant was convicted of a traffic offense, but instead of revoking his probation the court continued it and imposed additional conditions.

On 10 July 1973 defendant's probation officer reported that defendant had again violated the conditions of his probation. The District Court held a hearing, entered judgment against defendant, revoked his probation, and sentenced him to six months in prison. Defendant appealed to the Superior Court, and a de novo hearing upon the revocation of his probation was held. At this hearing the probation officer appeared as a witness for the State, and defendant's parents testified in his behalf. The Superior Court found that defendant had failed to comply with the terms of his probation and affirmed the judgment of the District Court. Defendant appealed to this Court.

*Attorney General Morgan, by Assistant Attorney General James Blackburn, for the State.*

*Leroy Scott and Franklin B. Johnston for defendant appellant.*

BALEY, Judge.

Defendant contends that the Superior Court erred in failing to review the record of his original trial in the District Court at which he entered a plea of guilty to possession of marijuana. He also asserts that the evidence was not sufficient to support the finding of the Superior Court that he had violated the terms of his probation. We find no merit in either of these contentions.

G.S. 90-96 in cases involving possession of marijuana provides:

> " . . . [T]he court may without entering a judgment of guilt and *with the consent of such person,* defer further proceedings and place him on probation upon such reasonable terms and conditions as it may require. Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed as otherwise provided. . . . " (Emphasis added.)

[1] G.S. 90-96 is applicable only to first offenders and is clearly for the purpose of permitting the trial court to grant probation under conditions favorable to defendant. When defendant consents to the terms of the probation, he abandons his right to appeal on the issue of guilt or innocence and commits himself to abide by the stipulated conditions. *State v. Miller,* 225 N.C. 213, 34 S.E. 2d 143.

In this case defendant signed an attachment to the order of the District Court which certified to his understanding of its meaning and his consent to its terms. The terms imposed as a part of the two years' probation were of such character that they constituted punishment. Defendant was required to pay court costs and a fine of $300.00 in addition to other provisions of the probation concerning good behavior. He consented to these terms upon which entry of judgment of guilt was deferred and waived or abandoned his right of appeal. *State v. Griffin,* 246 N.C. 680, 100 S.E. 2d 49.

[2] When the district court revokes a defendant's probation and sentences him to prison, the defendant may then appeal to superior court for a de novo hearing upon the revocation of his probation. G.S. 15-200.1; *State v. Coffey,* 255 N.C. 293, 121 S.E. 2d 736. However, the only issue before the superior court on such appeal is "whether or not there has been a violation

of the terms of probation." G.S. 15-200.1. A defendant on appeal from an order revoking probation may not challenge his adjudication of guilt. *See State v. Noles,* 12 N.C. App. 676, 184 S.E. 2d 409; *State v. Caudle,* 276 N.C. 550, 173 S.E. 2d 778. Thus the Superior Court of Beaufort County was not required to review the record of defendant's original trial for possession of marijuana.

[3]   The decision to revoke defendant's probation is clearly supported by competent evidence. Charles Hough, the probation officer in charge of defendant, testified that defendant had not been employed since he graduated from high school; that he had not made payments on the fine imposed by the District Court; that he had associated with Phil Foreman and Carol Selby, two disreputable persons who used drugs; and that on one occasion when Hough saw defendant, in his opinion defendant was under the influence of marijuana. This testimony amply supports Judge Godwin's findings of fact and his conclusion that defendant had violated the terms of his probation. .

The order of the Superior Court revoking the probation of defendant is affirmed.

Affirmed.

Chief Judge BROCK and Judge PARKER concur.