STATE OF NORTH CAROLINA v. CAROL COFFEY

No. 8425SC638

(Filed 2 April 1985)

1. **Criminal Law § 143.5— probation revocation—evidence sufficient**

In an action to revoke defendant's probation, the evidence clearly supported the court's finding that defendant failed to report to the probation officer at reasonable times and in a reasonable manner as directed by the probation officer, and that was sufficient to support the court's order revoking probation.

2. **Criminal Law § 134.4— Committed Youthful Offender designation—applies to women**

The trial judge erred by refusing to consider whether a defendant whose probation had been revoked should have been committed as a Committed Youthful Offender because he didn't think the youthful offender program applied to women. Defendant met the criteria of G.S. 148-49.14 in that she was less than twenty-one when convicted and less than twenty-five when her probation was revoked.

APPEAL by defendant from *Britt, Samuel E., Judge.* Judgment entered 23 February 1983 in Superior Court, CALDWELL County. Heard in the Court of Appeals 5 March 1985.

On 3 September 1981, defendant pleaded guilty to uttering of a forged instrument and received a three to five year prison sentence. This sentence was suspended, and defendant was placed on probation. On 19 October 1983, a probation violation report was filed which alleged the following probation violations:

On or about September 13, 1983, the defendant left her place of residence at Rt. 1, Box 278, Mt. Herman Rd., Hudson, NC wilfully and without lawful excuse absconding supervision and thereafter failed to make her whereabouts known to the probation/parole officer in violation of the condition of probation "Remain within the jurisdiction of the court unless

granted permission to leave by the court of her probation officer."

That the defendant failed and refused to maintain employment during the period of supervision as ordered without reasonable excuse, in violation of the condition of probation that she "Remain gainfully and suitably employed or faithfully pursue a course of study or of vocational training that will equip her for suitable employment" and "notify the probation officer if she fails to obtain or retain suitable employment."

That the defendant has failed to cooperate with the probation/parole officer sufficiently to insure adequate supervision, having failed without reasonable excuse to keep scheduled appointments for the first week of September 1983 and of October, in violation of the condition of probation that she "Report as directed by the Court or her probation officer to the officer at reasonable times and places and in a reasonable manner, permit the officer to visit her at such times and places, answer all reasonable inquiries and obtain prior approval from the probation/parole officer and notify the officer of, any change in address or employment."

At the revocation hearing the officer testified consistent with the allegations of the violation report. At the close of the evidence, the trial court found that defendant had wilfully and without lawful excuse violated the terms and conditions of the probationary judgment. Upon so finding he revoked her suspended sentence. The court reduced the sentence to eight months. Defendant's attorney requested the court to consider whether she should be committed as a youthful offender. The court declined stating that it didn't think the youthful offender program applied to women. From the judgment revoking her probation, defendant appealed.

*Attorney General Rufus L. Edmisten, by Associate Attorney Ellen B. Scouten, for the State.*

*Whisnant, Simmons, Groome & Pike, by Fred D. Pike, for defendant appellant.*

ARNOLD, Judge.

[1] Defendant contends *inter alia* the court erred because there was insufficient evidence to support its findings, conclusions and judgments. All that is needed to support the judgment revoking defendant's probation is evidence which "reasonably satisfies the trial judge in the exercise of his sound discretion that the defendant has violated a valid condition on which the sentence was suspended." *State v. Freeman*, 47 N.C. App. 171, 175, 266 S.E. 2d 723, 725, *disc. rev. denied* 301 N.C. 99, 273 S.E. 2d 304 (1980). The evidence offered clearly supports the court's finding that defendant failed to report to the probation officer at reasonable times and in a reasonable manner as directed by her probation officer. This is sufficient to support the trial court's order revoking defendant's probation.

[2] Defendant also contends the court erred by refusing to consider whether she should have been committed as a youthful offender. When counsel requested the youthful offender designation, the judge refused stating that he didn't think the youthful offender program applied to women.

G.S. 148-49.14 in pertinent part provides:

Whenever the court shall suspend the imposition or execution of sentence and place a person on probation, the court shall not order commitment as a committed youthful offender; however, if probation be subsequently revoked and the active sentence of imprisonment executed, the court may at that time commit the person, if he is still under 25 years of age, to the custody of the Secretary of Correction as a committed youthful offender.

We find, consistent with this Court's opinion in *State v. Lewis*, 38 N.C. App. 108, 247 S.E. 2d 282 (1978), that this language read in conjunction with the remainder of the statute requires the court to make a determination as to whether a defendant shall be committed as a youthful offender in all cases where the defendant was less than 21 years of age when convicted and is less than 25 years of age when their probation is revoked. The record indicates that defendant meets both of these criteria. Thus, the trial court erred in refusing to consider whether she should have been committed as a youthful offender.

---

We have carefully considered defendant's other contentions and find them to be without merit.

The case is remanded to the Superior Court for a *de novo* sentencing hearing to determine whether defendant would benefit from commitment as a youthful offender.

Remanded for resentencing.

Judges EAGLES and PARKER concur.