STATE OF NORTH CAROLINA v. JAMES EMMETT LONG, JR.

No. COA11-962

(Filed 17 April 2012)

**1. Appeal and Error—time for appeal elapsed—writ of certiorari granted**

Defendant's petition for writ of certiorari in a probation violation case was granted where defendant and his appointed counsel both attested that defendant gave counsel adequate notice of his desire to appeal from the court's judgments but defense counsel admitted that he filed written notice of appeal only after the time for taking appeal from said judgments had elapsed.

**2. Probation and Parole—judgment revoking probation—original judgments—impermissible collateral attack—appeal dismissed**

Defendant's appeal from the trial court's judgments revoking his probation was dismissed as defendant's brief on appeal only asserted error with respect to the original judgments in which the trial court imposed and suspended seven consecutive sentences pursuant to defendant's guilty plea. This challenge was an impermissible collateral attack on the original judgments.

Appeal by defendant from judgments entered 7 March 2011 by Judge Ola M. Lewis in Brunswick County Superior Court. Heard in the Court of Appeals 3 April 2012.

*Roy Cooper, Attorney General, by Munje B. Foh and Laura E. Parker, Assistant Attorneys General, for the State.*

MARTIN, Chief Judge.

On 2 July 2010, defendant James Emmett Long, Jr. pled guilty to one count each of felonious breaking or entering, larceny after breaking or entering, felonious larceny, attempted felonious breaking or entering, conspiracy to commit breaking or entering, possession of burglary tools, and breaking or entering into a motor vehicle. He was sentenced to three consecutive terms of nine to eleven months imprisonment, and four consecutive terms of six to eight months imprisonment, which terms were suspended. Defendant was placed on supervised probation for a period of thirty-six months.

As a condition of his probation, defendant agreed to successfully complete the Triangle Residential Options For Substance Abusers, Inc. ("TROSA") program, which is a two-year residential substance abuse recovery program in Durham, North Carolina. On 20 December 2010, defendant's probation officer filed seven probation violation reports indicating that defendant willfully failed to follow the rules of the TROSA program, that he was "unsatisfactorily discharged" from the program on 10 December 2010, that he left the program "without waiting for his probation officer to be notified," and that he "ha[d] absconded supervision" because "his whereabouts are unknown at this time." After a hearing on the matter during which defendant "admitted the willful violation of his probation in all cases," on 7 March 2011, the trial court revoked defendant's probation and activated the seven suspended sentences. Defense counsel sought to appeal from the judgments revoking defendant's probation by filing written notice of appeal on 31 March 2011, and by filing a petition for writ of certiorari on 22 August 2011.

---

A party entitled to appeal from an order or judgment rendered in a criminal action "may take appeal by (1) giving oral notice of appeal at trial, or (2) filing notice of appeal . . . within fourteen days after entry of the judgment." N.C.R. App. P. 4(a). "[W]hen a defendant has not properly given notice of appeal, this Court is without jurisdiction to hear the appeal." *State v. McCoy,* 171 N.C. App. 636, 638, 615 S.E.2d 319, 320, *appeal dismissed,* 360 N.C. 73, 622 S.E.2d 626 (2005). However, "[t]he writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judg-

ments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action . . . ." N.C.R. App. P. 21(a)(1).

**[1]** In the present case, defendant did not give timely written or oral notice of appeal from the 2011 judgments revoking his probation and activating his suspended sentences. Although defendant and his appointed counsel both attest that defendant gave counsel adequate notice "of his desire to appeal" from the court's 2011 judgments, and the record includes copies of notes written by defendant to defense counsel indicating the same, defense counsel admits that he filed written notice of appeal only after the time for taking appeal from said judgments had elapsed. Therefore, we grant defendant's petition for writ of certiorari with respect to the judgments revoking his probation entered on 7 March 2011.

**[2]** Nevertheless, although defendant's petition for writ of certiorari sought review of the 2011 judgments revoking his probation, on appeal, defendant only asserts error with respect to the original judgments entered on 2 July 2010, in which the trial court imposed and suspended seven consecutive sentences pursuant to defendant's guilty plea. Specifically, defendant contends the trial court lacked jurisdiction to accept his plea and to suspend and later activate the sentences on the offenses of felonious breaking or entering and larceny after breaking or entering under File No. 10 CRS 052224, because defendant was not indicted on these offenses and did not effectively waive the State's responsibility to charge him by a bill of indictment.

When appealing from an order activating a suspended sentence, "inquiries are permissible only to determine [(1)] whether there is evidence to support a finding of a breach of the conditions of the suspension, or [(2)] whether the condition which has been broken is invalid because it is unreasonable or is imposed for an unreasonable length of time." *State v. Noles*, 12 N.C. App. 676, 678, 184 S.E.2d 409, 410 (1971) (citing *State v. Caudle*, 276 N.C. 550, 553, 173 S.E.2d 778, 781 (1970)). " '[W]hile it is true that a defendant may challenge the jurisdiction of a trial court, such challenge may be made in the appellate division *only if and when* the case is properly pending before the appellate division.' " *State v. Jamerson*, 161 N.C. App. 527, 529, 588 S.E.2d 545, 547 (2003) (emphasis added) (quoting *State v. Absher*, 329 N.C. 264, 265 n.1, 404 S.E.2d 848, 849 n.1 (1991) (per curiam)). Thus, "[a] defendant on appeal from an order revoking probation may not challenge his adjudication of guilt," *State v. Cordon*, 21 N.C. App. 394,

397, 204 S.E.2d 715, 717, *cert. denied,* 285 N.C. 592, 206 S.E.2d 864 (1974), as "[q]uestioning the validity of the original judgment where sentence was suspended on appeal from an order activating the sentence is . . . an impermissible collateral attack." *Noles,* 12 N.C. App. at 678, 184 S.E.2d at 410.

In other words, in the present case, defendant could have appealed his 2 July 2010 judgments as a matter of right or by petition in accordance with the procedures set forth in our statutes and appellate rules. *See State v. Holmes,* 361 N.C. 410, 413, 646 S.E.2d 353, 355 (2007); *see, e.g.,* N.C. Gen. Stat. § 15A 1342(f) (2011); N.C. Gen. Stat. § 15A 1415(b)(2) (2011); N.C. Gen. Stat. § 15A 1444 (2011); N.C.R. App. P. 4(a); N.C.R. App. P. 21(a)(1). However, because defendant did not timely appeal by right or by petition from the 2 July 2010 judgments entered upon his guilty plea and only "now attempts to attack the[se] sentences imposed and suspended in [2010]" in an appeal from the 7 March 2011 judgments revoking his probation, "[w]e conclude, consistent with three decades of Court of Appeals precedent, that this challenge is an impermissible collateral attack on the original judgments." *See Holmes,* 361 N.C. at 413, 646 S.E.2d at 355. Accordingly, this appeal must be dismissed.

Petition for writ of certiorari allowed; Appeal dismissed.

Judges BRYANT and McCULLOUGH concur.