**STATE v. HUNNICUTT**

[226 N.C. App. 348 (2013)]

STATE OF NORTH CAROLINA
v.
JOSHUA RAY HUNNICUTT

No. COA12-1018

Filed 2 April 2013

1. **Appeal and Error—appealability—jurisdictional challenge of underlying judgment dismissed—revocation of probation—activation of suspended sentence**

   On appeal from a judgment revoking probation and activating defendant's suspended sentences, his argument challenging the jurisdictional validity of an underlying judgment against him long after the time for perfection of an appeal of that judgment had expired was not properly before the Court of Appeals.

2. **Probation and Parole—activation of sentence—absconded by willfully avoiding supervision**

   The trial court did not err by activating defendant's sentence on the basis of his having absconded by willfully avoiding supervision. Defendant had notice of his obligation to remain within the jurisdiction of the court and to report as directed to the probation officer. However, the case was remanded for correction of clerical error in the judgments.

3. **Probation and Parole—activation of sentence—second probation violation**

   Nothing in the record supported defendant's contention that the trial court's decision to activate his sentence upon a second probation violation was arbitrary or unjust.

   Appeal by defendant from judgment entered 23 March 2012 by Judge R. Stuart Albright in Guilford County Superior Court. Heard in the Court of Appeals 13 February 2013.

   *Attorney General Roy Cooper, by Assistant Attorney General Kimberly N. Callahan, for the State.*

   *New Hanover County Assistant Public Defender Brendan O'Donnell, for defendant-appellant.*

   HUNTER, JR., Robert N., Judge.

**STATE v. HUNNICUTT**

[226 N.C. App. 348 (2013)]

Joshua Ray Hunnicutt ("Defendant") appeals from a judgment revoking his probation and activating his sentences for several offenses. On appeal, Defendant argues (1) that the trial court lacked jurisdiction in two cases to revoke his probation because of defects in the underlying indictments, (2) that a condition of his probation was invalid, and thus his sentences could not have been activated for a violation of that condition, and (3) that the trial court abused its discretion in both finding Defendant violated his probation and in activating his sentence. For the following reasons, we dismiss Defendant's appeal in part, and affirm the trial court's revocation of Defendant's probation. However, we remand to allow the trial court an opportunity to correct a clerical error.

## I. Factual & Procedural History

Defendant was indicted on 17 May 2010 in Guilford County Superior Court under four case numbers on several counts including felony larceny, breaking and entering a motor vehicle, and misdemeanor larceny. While those indictments were pending, Defendant was indicted on 1 June 2010 in Alamance County under thirteen case numbers on multiple counts of breaking and entering a motor vehicle, misdemeanor larceny, and possession of stolen property. These cases were eventually consolidated for judgment in Guilford County under two case numbers, and in Alamance County under four cases numbers. Defendant pleaded guilty to multiple offenses and received suspended sentences with probation in all six cases. Defendant's probation supervision in the Alamance County cases was transferred to Guilford County, where Defendant resided.

On 3 August 2011, Defendant was found in Guilford County Superior Court to be in willful violation of his probation conditions in three of the six cases. Although the court imposed minor modifications to Defendant's probation conditions, the original judgments otherwise remained in effect and Defendant was continued on probation.

On 26 December 2011, Defendant was served with six new Violation Reports charging him in each of the six cases with violating two conditions of probation. The Violation Reports read in pertinent part:

Of the conditions of probation imposed in [the] judgment, the defendant has willfully violated:

1. Condition of Probation "Report as directed by the Court or the probation officer to the officer at reasonable times and places . . ." in that THE DEFENDANT FAILED TO REPORT TO HIS SUPERVISING OFFICER AS DIRECTED ON 11/10/2011 AND 11/21/2011.

2.  Condition of Probation "Remain within the jurisdiction of the Court unless granted written permission to leave by the Court or the probation officer" in that DESPITE NUMEROUS ATTEMPTS BY THE SUPERVISING OFFICER, THE DEFENDANT REFUSES TO REPORT AS DIRECTED AND DOES NOT RESPOND TO CONTACT NOTICES LEFT BY THE SUPERVISING OFFICER. THE DEFENDANT HAS RENDERED HIMSELF UNAVAILABLE FOR SUPERVISION.

A hearing was held before the Hon. R. Stuart Albright in Guilford County Superior Court on 23 March 2012. At the revocation hearing, Defendant admitted that he missed the scheduled appointment on 10 November 2011, but denied the remaining allegations. The State's evidence, offered through the testimony of Guilford County probation officer Cathy Crutchfield ("Ms. Crutchfield"), tended to show the following.

Defendant's case was transferred to Guilford County in June 2011. After having some difficulty contacting Defendant, Ms. Crutchfield went to Defendant's residence on 8 August 2011 with a surveillance officer.[1] Defendant told Ms. Crutchfield at that time that he had been advised by his previous probation officer to report to Ms. Crutchfield, but "he had forgot [sic]." An appointment was scheduled for 9 August 2011. At that appointment, Ms. Crutchfield reminded Defendant about the conditions of his probation and stressed the importance of staying in contact with her and attending their scheduled appointments.

Defendant failed to appear for a scheduled appointment on 6 September 2011, attended an appointment on 11 October 2011, and once again failed to appear on 10 November 2011. Ms. Crutchfield called Defendant several times, but received no response. On 19 November 2011, Ms. Crutchfield spoke with Defendant's mother, and advised her that Defendant needed to come to her office on 21 November 2011. That day, Defendant called Ms. Crutchfield and told her that he would not be able to attend the appointment because he had "other appointments" that day. Ms. Crutchfield told Defendant that she needed to see him and that he could come to the office when he finished his other appointments. Defendant eventually arrived at Ms. Crutchfield's office while she was in a meeting with her supervisor. Ms. Crutchfield advised Defendant that she would be finished "in a few minutes," and asked "him

---

1. It is does not appear from the record that Ms. Crutchfield's difficulty in contacting Defendant formed the basis of the court's 3 August 2011 finding that Defendant had violated the conditions of probation.

to stay there." When she was finished with the meeting, Defendant was gone. He did not leave any explanation for his departure. Ms. Crutchfield attempted to call Defendant, but received no response. Ms. Crutchfield completed the Probation Violation Report that day. She acknowledged that Defendant had kept his monthly appointments from the time of his arrest for the December violation until the time of the revocation hearing, and had provided notice of changes in his residence and employment during that time.

Defendant did not present any evidence at the hearing. At the conclusion of the hearing, the trial court found that "there is a willful violation without lawful excuse of both of the violations as set forth in the violation report" and that "that the defendant did abscond. It's not that he made his whereabouts unknown, it's that he absconded by willfully avoiding supervision." The trial court then revoked Defendant's probation and activated his sentences consecutively in all six cases, imposing an aggregate sentence of 34 to 44 months imprisonment. Judge Albright entered a written Judgment and Commitment upon Revocation in each case, dated 23 March 2012. Defendant gave oral notice of appeal in open court.

## II. Jurisdiction & Standard of Review

N.C. Gen. Stat. § 7A-27(b) (2011) vests jurisdiction in this Court to hear appeals "[f]rom any final judgment of the superior court." As a judgment activating a probationer's sentence is a "final judgment," we have jurisdiction to hear the instant appeal. *See* N.C. Gen. Stat. § 15A-1347 (2011) ("When a superior court judge, as a result of a finding of a violation of probation, activates a sentence or imposes special probation, either in the first instance or upon a de novo hearing after appeal from a district court, [a] defendant may appeal under [N.C. Gen. Stat. § 7A-27]").

> "A hearing to revoke a defendant's probationary sentence only requires that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended. The judge's finding of such a violation, if supported by competent evidence, will not be overturned absent a showing of manifest abuse of discretion."

*State v. Young*, 190 N.C. App. 458, 459, 660 S.E.2d 574, 576 (2008) (citation and quotation marks omitted).

### III. Analysis

Defendant raises three issues, which we address in turn.

### A.  Validity of Underlying Indictments

[1]  Defendant first argues that the trial court lacked jurisdiction to revoke his probation in two of his cases because the indictments underlying those offenses are facially defective, and thus invalid. However, we need not address whether these indictments are in fact defective, because Defendant is precluded from challenging them in this appeal.

"A valid bill of indictment is essential to the jurisdiction of the Superior Court to try an accused for a felony and have the jury determine his guilt or innocence, 'and to give authority to the court to render a valid judgment.' " *State v. Moses*, 154 N.C. App. 332, 334, 572 S.E.2d 223, 226 (2002) (quoting *State v. Ray*, 274 N.C. 556, 562, 164 S.E.2d 457, 461 (1968)). However, " '[w]hile it is true that a defendant may challenge the jurisdiction of a trial court, such challenge may be made in the appellate division *only if and when* the case is properly pending before the appellate division.' " *State v. Jamerson*, 161 N.C. App. 527, 529, 588 S.E.2d 545, 547 (2003) (emphasis added) (alteration in original) (quoting *State v. Absher*, 329 N.C. 264, 265 n.1, 404 S.E.2d 848, 849 n.1 (1991) (per curiam)). Thus, "[a] defendant on appeal from an order revoking probation may not challenge his adjudication of guilt," *State v. Cordon*, 21 N.C. App. 394, 397, 204 S.E.2d 715, 717 (1974), as "[q]uestioning the validity of the original judgment where sentence was suspended on appeal from an order activating the sentence is . . . an impermissible collateral attack." *State v. Noles*, 12 N.C. App. 676, 678, 184 S.E.2d 409, 410 (1971).

Defendant contends that a challenge to the validity of an indictment, and thus the subject matter jurisdiction of the trial court, is not subject to the foregoing analysis, due to our Supreme Court's longstanding observation that "where an indictment is alleged to be invalid on its face . . . a challenge to that indictment may be made at any time, even if it was not contested in the trial court." *State v. Wallace*, 351 N.C. 481, 503, 528 S.E.2d 326, 341 (2000). However, we read Wallace and the other cases cited by Defendant as addressing the question of whether a challenge to an indictment must be preserved at the trial level in order to be raised on direct appeal. This is a different question than the one presented by the instant case, in which Defendant attempts to challenge the jurisdictional validity of an underlying judgment against him long after the time for perfection of an appeal of that judgment has expired.

STATE v. HUNNICUTT

[226 N.C. App. 348 (2013)]

Furthermore, a recently published opinion of this Court has addressed a similar argument to the one presented by Defendant, and held it to be an impermissible collateral attack on an underlying judgment. *See State v. Long*, __ N.C. App. __, 725 S.E.2d 71, *disc. rev. denied*, __ N.C. __, 726 S.E.2d 836 (2012). In Long the defendant sought to challenge on appeal from the activation of his sentence the trial court's jurisdiction to enter the original judgment, citing not the insufficiency of the indictment, but rather the absence of one. *See Long*, __ N.C. App. at __, 725 S.E.2d at 72 ("Specifically, defendant contends the trial court lacked jurisdiction to accept his plea and to suspend and later activate the sentences . . . because [he] was not indicted on these offenses and did not effectively waive the State's responsibility to charge him by a bill of indictment."). This Court dismissed the appeal, holding that the defendant's challenge was an impermissible collateral attack on the original judgment. *Id.* at __, 725 S.E.2d at 73. The Court explained that:

> in the present case, defendant could have appealed his 2 July 2010 judgments as a matter of right or by petition in accordance with the procedures set forth in our statutes and appellate rules. However, because defendant did not timely appeal by right or by petition from the 2 July 2010 judgments entered upon his guilty plea and only now attempts to attack these sentences imposed and suspended in 2010 in an appeal from the 7 March 2011 judgments revoking his probation, we conclude, consistent with three decades of Court of Appeals precedent, that this challenge is an impermissible collateral attack on the original judgments. Accordingly, this appeal must be dismissed.

*Id.* (quotation marks, alterations, and citations omitted)

"Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court." *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). As noted, our Supreme Court has not addressed this particular factual scenario. Accordingly, we are bound by the previous decision of this Court in *Long*.[2]

---

2. Defendant notes several unpublished decisions of this Court issued prior to the opinion in Long which come to the opposite conclusion. "Unpublished opinions are not, however, controlling authority and cannot bind later panels of this Court." *State v. Mabry*, __ N.C. App. __, __, 720 S.E.2d 697, 702 (2011).

In the alternative, Defendant argues the instant case is distinguishable from *Long* in that "[u]nlike the appellant in *Long*, [Defendant] does not seek on this appeal to vacate the underlying criminal judgments . . . . He asks this court only to vacate the judgment revoking probation and activating his sentences in those cases." However, "[w]hen the record shows a lack of jurisdiction in the lower court, the appropriate action on the part of the appellate court is to arrest judgment or vacate any order entered without authority." *State v. Satanek*, 190 N.C. App. 653, 657, 660 S.E.2d 623, 626 (2008) (quotation marks and citations omitted) (alteration in original). As such, if Defendant's argument was properly before this Court, and was found to be meritorious, we would necessarily have to vacate the original judgments entered upon those indictments. However, as stated above, Defendant's argument is not properly before us on appeal from a judgment revoking probation and activating his suspended sentences. *Long*, __ N.C. App. at __, 725 S.E.2d at 73. Accordingly, as this appeal is not the proper vehicle to raise the issue, Defendant's argument is dismissed.[3]

## B. Invalid Condition of Probation

**[2]** Defendant next argues that the trial court erred when it activated his sentence on the basis of Defendant having "absconded by willfully avoiding supervision." Defendant contends that no such condition was ever imposed upon him, that he had no notice of such a condition, and that the trial court had no authority to impose any condition prohibiting "absconding by willfully avoiding supervision." Defendant's argument is without merit.

In 2011 the General Assembly passed the Justice Reinvestment Act (JRA), which modified our probation statutes in two important ways. First, the JRA made the following a regular condition of probation: "Not to abscond, by willfully avoiding supervision or by willfully making the defendant's whereabouts unknown to the supervising probation officer." *See* N.C. Gen. Stat. § 15A-1343(b)(3a) (2011). Second, the JRA revised N.C. Gen. Stat. § 15A-1344 to provide that a trial court may only revoke probation if the defendant commits a criminal offense or "absconds" as defined by the revised Section 15A-1343(b)(3a). *See* N.C. Gen. Stat. § 15A-1344(a) (2011). The JRA initially made both provisions effective for probation violations occurring on or after 1 December 2011. *See*

---

3. Therefore, we also reject Defendant's related arguments that a lack of jurisdiction on the part of either court (1) renders the conditions of his probation per se invalid, and/ or (2) that revocation on the basis of violations of those conditions constitutes an abuse of discretion.

2011 N.C. Sess. Laws 192, sec. 4.(d). The effective date clause was later amended, however, to make the new absconding condition applicable only to *offenses* committed on or after 1 December 2011, while the limited revoking authority remained effective for probation violations occurring on or after 1 December 2011. *See* 2011 N.C. Sess. Laws 412, sec. 2.5.

Neither of these modifications applies to Defendant, as both the offenses and the probation violations at issue occurred prior to 1 December 2011. Defendant contends, however, that the trial court activated his sentence on the basis of having found him to have violated the new regular condition implemented by the JRA discussed above, which mandates that a probationer shall "[n]ot . . . abscond, by willfully avoiding supervision or by willfully making [their] whereabouts unknown to the supervising probation officer." N.C. Gen. Stat. § 15A-1343(b)(3a) (2011). Defendant bases this assertion on two facts. First, that the trial court found "that defendant did abscond. It's not that he made his whereabouts unknown, it's that he absconded by willfully avoiding supervision." Secondly, Defendant notes that the trial court checked box number 5 on the form judgments, indicating that Defendant had "abscond[ed] from supervision" pursuant to "G.S. 15A-1343(b)(3a)." Defendant argues these facts indicate that the trial court revoked his probation for violating a condition that was not, nor could have been, imposed upon him. We disagree that the record suggests the trial court improperly revoked Defendant's probation.

Although N.C. Gen. Stat. § 15A-1343(b)(3a) introduced the term "abscond" into our probation statutes for the first time, the term "abscond" has frequently been used when referring to violations of the longstanding statutory probation conditions to "remain within the jurisdiction of the court" or to "report as directed to the officer." *See, e.g., State v. Brown,* __ N.C. App. __, 731 S.E.2d 530 (2012); *State v. High,* 183 N.C. App. 443, 645 S.E.2d 394 (2007); *State v. Coffey,* 74 N.C. App. 137, 327 S.E.2d 606 (1985). Both are regular conditions of probation under N.C. Gen. Stat. § 15A-1343 and, therefore, "are in every circumstance valid conditions of probation." N.C. Gen. Stat. § 15A-1342(g) (2011).

Defendant had notice of his obligation to "remain within the jurisdiction of the court" and to "report as directed to the [probation] officer" as each of the original judgments entered upon his convictions noted:

> If the defendant is on supervised probation, the defendant shall also: (5) Remain within the jurisdiction of the Court unless granted written permission to leave by the Court or

the probation officer. (6) Report as directed by the Court or the probation officer to the officer at reasonable times and places and in a reasonable manner, permit the officer to visit at reasonable times, answer all reasonable inquiries by the officer and obtain prior approval from the officer for, and notify the officer of, any change in address or employment.

The violation reports filed against Defendant alleged violations of both of these two conditions:

Of the conditions of probation imposed in [the] judgment, the defendant has willfully violated:

1. Condition of Probation "Report as directed by the Court or the probation officer to the officer at reasonable times and places . . ." in that THE DEFENDANT FAILED TO REPORT TO HIS SUPERVISING OFFICER AS DIRECTED ON 11/10/2011 AND 11/21/2011.

2. Condition of Probation "Remain within the jurisdiction of the Court unless granted written permission to leave by the Court or the probation officer" in that DESPITE NUMEROUS ATTEMPTS BY THE SUPERVISING OFFICER, THE DEFENDANT REFUSES TO REPORT AS DIRECTED AND DOES NOT RESPOND TO CONTACT NOTICES LEFT BY THE SUPERVISING OFFICER. THE DEFENDANT HAS RENDERED HIMSELF UNAVAILABLE FOR SUPERVISION.

At the conclusion of the revocation hearing, the trial court stated:

THE COURT: Okay. Based on my review of the evidence in this case, my consideration of the sworn testimony, and the statements and positions of the parties, the Court finds there is a willful violation without lawful excuse of both of the violations as set forth in the violation report.

The Court finds with regard to the absconding, that the defendant did abscond. It's not that he made his whereabouts unknown, it's that he absconded by willfully avoiding supervision.

The Court finds among other things with regard to the testimony on July 8, 2011, when the probation officer called the defendant he hung up on her.

. . . .

The Court also finds that on November 21st, 2011 you did not report — although you reported to the probation officer's office, you did not report as directed. You reported on your own time, not when directed by the probation officer. Notwithstanding that, the probation officer was making a reasonable accommodation by asking you to stay there until she finished her meeting. Upon completion of the meeting the defendant in effect left the building without any explanation whatsoever.

The Court finds there's been absolutely nothing to justify you simply leaving the building. You showed up on your own time and then left when you decided it was okay to leave. Court finds you willfully avoided supervision based on all the evidence in this case.

Court also finds this is your second probation violation hearing. You've already been here once in court for failing to comply with terms of your probation. At that time the judge did exactly what's being asked of this Court now and continued you on probation.

Based on the violations in this case Court finds you not to be a good candidate for probation. Court will activate the sentence[.]

Despite its colloquial and perhaps imprecise usage of the term "abscond," it is clear from the record that the trial court activated Defendant's sentence on the basis of Ms. Crutchfield's testimony explaining the circumstances surrounding the violations listed in the reports. Accordingly, Defendant's argument that the trial court retroactively engrafted the condition created by the JRA onto his existing probation conditions is overruled.

We do note, however, that the trial court incorrectly checked box number 5 on the form judgments, which, without the benefit of the entire record, would suggest that Defendant had indeed "abscond[ed] from supervision" pursuant to "G.S. 15A-1343(b)(3e)." Therefore, we remand for correction of this clerical error in the judgments. *State v. Smith*, 188 N.C. App. 842, 845, 656 S.E.2d 695, 696 (2008) ("When, on appeal, a clerical error is discovered in the trial court's judgment or order, it is appropriate to remand the case to the trial court for correction because of the importance that the record 'speak the truth.'") (citation omitted).

## C.  Abuse of Discretion in Activating Sentence

**[3]**  Without regard to his first two arguments, Defendant lastly argues that the trial court abused its discretion in both finding a violation and revoking his probation. Specifically, Defendant contends that activation of his sentence was "unreasonable" because his "alleged violation . . . consisted of failing to keep one appointment with the probation officer and leaving the next appointment early." We disagree.

A defendant convicted of an offense is not entitled to probation under the United States or North Carolina Constitutions. Rather, receiving a suspended sentence and being placed on probation "comes as an act of grace to one convicted of crime." *State v. Hewett*, 270 N.C. 348, 351, 154 S.E.2d 476, 478 (1967). A probationer's sentence may be activated if the evidence presented at the hearing "be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has violated a valid condition upon which the sentence was suspended." *State v. Duncan*, 270 N.C. 241, 245, 154 S.E.2d 53, 57 (1967). "The breach of any single valid condition upon which the sentence was suspended will support an order activating the sentence." *State v. Braswell*, 283 N.C. 332, 337, 196 S.E.2d 185, 188 (1973) (citation omitted).

The violation reports alleged that Defendant violated the conditions of his probation by failing to report to his supervising officer as directed on 10 and 21 November 2011. Defendant acknowledges that the evidence presented at the revocation hearing showed that he failed to attend a scheduled appointment with his probation officer on 10 November 2011, and that he prematurely left Ms. Crutchfield's office after she requested he briefly wait for her to finish another meeting on 21 November 2011. Defendant had already violated the terms of his probation once, and had been continued on probation. We find nothing in the record supporting Defendant's contention that the trial court's decision to activate his sentence upon a second violation was "willful," "arbitrary," or "unjust."

## IV. Conclusion

For the foregoing reasons, Defendant's appeal is dismissed in part, and the judgment of the trial court revoking Defendant's probation is affirmed in part. We remand, however, to allow the trial court to correct the clerical error noted herein.

DISMISSED IN PART; AFFIRMED IN PART; REMANDED.

Judges STEELMAN and GEER concur.