An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-428

NORTH CAROLINA COURT OF APPEALS

Filed: 21 January 2014

STATE OF NORTH CAROLINA

    v.                                    Johnston County
                                          No. 10CRS50020

CARL DEION JOHNSON


Appeal by defendant by writ of certiorari from judgment entered 5 November 2012 by Judge James G. Bell in Johnston County Superior Court. Heard in the Court of Appeals 6 November 2013.

>    *Attorney General Roy Cooper, by Assistant Attorney General Ellen A. Newby, for the State.*

>    *Mark Hayes for defendant-appellant.*


HUNTER, Robert C., Judge.


Defendant appeals by writ of certiorari from the superior court's judgment revoking his probation and activating his suspended sentence. We reverse and remand the judgment for further proceedings.

On 8 April 2010, defendant entered a plea of guilty to malicious conduct by a prisoner and assault on a government

official.  The trial court sentenced defendant to a suspended term of 21 to 26 months imprisonment and placed defendant on probation for 36 months.

On 4 June 2012, the trial court entered an order finding that defendant violated the conditions of his probation.  The trial court imposed a 90-day confinement in response to violation ("CRV") pursuant to N.C. Gen. Stat. § 15A-1344(d2).  Additionally, the conditions of defendant's probation were modified on three occasions between February 2012 and September 2012.

On 15 October 2012, defendant's probation officer filed a violation report charging defendant with violating the following conditions of probation:  (1) "Report as directed by the Court, Commission or the supervising officer to the officer at reasonable times and places"; (2) "Be assigned to the Electronic House Arrest/Electronic Monitoring program for the specified period and obey all rules and regulations of the program until discharge"; (3) "Remain within the jurisdiction of the Court unless granted written permission to leave by the Court or the probation officer"; and (4) "Commit no criminal offense in any jurisdiction[.]"  The trial court held a probation violation hearing on 5 November 2012 and found that defendant committed

the first three alleged violations. Based on these findings, the trial court revoked defendant's probation and activated his suspended sentence.

On 9 November 2012, defendant filed a *pro se* notice of appeal that fails to fully comply with the requirements of N.C.R. App. P. 4. Defendant, however, has filed an alternative petition for writ of certiorari acknowledging that his notice of appeal is deficient. In the interest of justice, we hereby allow his petition. *See State v. Hammonds*, __ N.C. App. __, __, 720 S.E.2d 820, 823 (2012) (allowing petition for writ of certiorari in the interest of justice where the defendant failed to comply with Rule 4).

Defendant first argues that the trial court lacked statutory authority to revoke his probation in light of the Justice Reinvestment Act of 2011 ("JRA"), which placed limits on a trial court's authority to revoke probation. *See* N.C. Gen. Stat. § 15A-1344(a) (2013). For probation violations occurring on or after 1 December 2011, a trial court may only revoke probation where a defendant: (1) commits a new crime in violation of N.C. Gen. Stat. § 15A-1343(b)(1); (2) absconds supervision in violation of N.C. Gen. Stat. § 15A-1343(b)(3a); or (3) violates any condition of probation after serving two

prior periods of CRV under N.C. Gen. Stat. § 15A-1344(d2). N.C. Gen. Stat. § 15A-1344(a). For all other probation violations, a trial court has authority to alter the conditions of probation or impose a period of CRV, but does not have authority to revoke probation. N.C. Gen. Stat. §§ 15A-1344(a), (d2).

We agree that the trial court erred in revoking defendant's probation. In addition to limiting a trial court's revoking authority, "the JRA made the following a regular condition of probation: 'Not to abscond, by willfully avoiding supervision or by willfully making the defendant's whereabouts unknown to the supervising probation officer.'" *State v. Hunnicutt*, ___ N.C. App. ___, ___, 740 S.E.2d 906, 910 (2013) (quoting N.C. Gen. Stat. § 15A-1343(b)(3a)). Although the JRA's limited revoking authority applies to *violations* occurring on or after 1 December 2011, the new absconding condition applies only to *offenses* committed on or after 1 December 2011. *Id.* at ___, 740 S.E.2d at 911 (citing 2011 N.C. Sess. Laws 412, sec. 2.5).

In the instant case, defendant's underlying offenses were committed in 2010; therefore, defendant was not yet subject to the new absconding condition added by the JRA. *See* N.C. Gen. Stat. § 15A-1343(b)(3a); *Hunnicutt*, ___ N.C. App. at ___, 740 S.E.2d at 910-11. Additionally, defendant did not commit a new

crime, and had only served one prior period of CRV. Finally, we note that the statutory authority does not authorize revocation based on the remaining violations found by the trial court. Therefore, the trial court did not have authority to revoke defendant's probation.

Accordingly, we reverse the judgment revoking defendant's probation and remand the case to the trial court for entry of an appropriate judgment for defendant's violations consistent with the provisions of N.C. Gen. Stat. § 15A-1344. In light of our disposition, we need not address defendant's alternative argument that the trial court erred by allowing defendant to proceed *pro se* without inquiring as to whether he made that decision knowingly, intelligently, and voluntarily.[1]

---

[1] Were we to address this argument, we would hold that the trial court erred by failing to conduct the requisite inquiry pursuant to N.C. Gen. Stat. § 15A-1242 (2013). Section 15A-1242 states that the trial court may allow a defendant to proceed *pro se* only after making a "thorough inquiry" and is satisfied that the defendant "(1)[h]as been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled; (2) [u]nderstands and appreciates the consequences of this decision; and (3) [c]omprehends the nature of the charges and proceedings and the range of permissible punishments." Here, the record is devoid of any inquiry, before or after defendant signed the waiver of his right to counsel, as to the three prongs of section 15A-1242. "[A]lthough a written waiver sets forth a presumption of a knowing, intelligent and voluntary waiver, that presumption can be overcome if the record demonstrates otherwise." *State v Hyatt*, 132 N.C. App. 697, 703, 513 S.E.2d 90, 94 (1999). There

## Conclusion

After careful review, we reverse the trial court's judgment and remand for further proceedings.

REVERSED AND REMANDED.

Judges CALABRIA and ROBERT N.HUNTER, JR. concur.

Report per Rule 30(e).

---

were multiple instances throughout the hearing where defendant seemed confused as to the nature of the proceeding and the charges against him. Specifically, he was not aware of the possible punishment that he faced on the underlying convictions. Should defendant elect to proceed *pro se* on remand, we caution the trial court to conduct the necessary inquiry pursuant to section 15A-1242.