STEELMAN, Judge.
Defendant was not subject to the revocation-eligible probation condition that he not abscond. Where criminal charges against defendant in Catawba County were still pending, and there was no evidence presented that would have allowed the trial court to make an independent finding that defendant committed the criminal conduct, the trial court erred in relying upon this as a basis for revocation. Where the violation reports did not mention defendant's subsequent convictions in New York as a basis for revocation, the trial court erred in relying upon those charges as a basis for revocation.
I. Factual and Procedural Background
On 16 February 2010, Jerome Shaw, Jr., (defendant) was arrested in Mecklenburg County, and charged with financial transaction card forgery and identity theft. On 24 February 2010, defendant was arrested in Vance County, and charged with identity theft.
On 5 October 2010, defendant pled guilty to the Vance County charge. His sentence of 13-16 months imprisonment was suspended, and he was placed on 36 months of supervised probation. One of the conditions of his probation was "not to be found with any I.D. or other credit card or driving license belonging to another person during the period of probation." The judgment also stated that probation should be transferred to New York State.
On 24 January 2012, defendant pled guilty to the Mecklenburg County charges. He was given a term of special probation of 120 days in Mecklenburg County jail, with the balance of his 27-33 month prison sentence suspended. He was placed on 36 months of supervised probation.
On 15 October 2012, defendant's probation officer filed violation reports in both cases, alleging that his court-ordered payments were in arrears and that he had failed to provide verification that he was seeking employment. These reports also alleged that, on 11 October 2012, defendant had been charged with assault with a deadly weapon with intent to kill inflicting serious injury, kidnapping, and assault on a female in Catawba County. The violation report for the Vance County case also alleged that defendant had violated a special condition of probation, having been found in possession of "numerous pre paid credit type cards."
From 16 October 2012 through 27 October 2012, defendant traveled to New York to attend a court hearing. Defendant had not obtained permission from his probation officer to leave the state. On 25 October 2012, defendant's probation officer filed new violation reports in both cases, alleging defendant's failure to remain in the state and to report to his probation officer. The reports stated that defendant had made himself unavailable for supervision, thereby absconding, and that, after leaving the jurisdiction without permission, he was arrested in New Jersey.
On 1 November 2012, defendant was returned to Catawba County. On 13 November 2012, while in jail, defendant missed a court date in New York. He was released on bond 6 December 2012. As a condition of his bond, defendant was prohibited from leaving Catawba County. Defendant requested permission to travel to New York to address his failure to appear in court, but his probation officer denied the request, because of the condition of the bond prohibiting defendant from leaving Catawba County. Defendant was subsequently charged in New York with 3rd degree bail jumping.
On 21 February 2013, defendant returned to New York to handle his case, again without permission from his probation officer. On 21 May 2013, defendant was convicted in New York of driving while impaired (DWI), a charge that had been pending for 4 years. Defendant was sentenced, and was still in prison in July of 2013. On 5 September 2013, defendant was convicted of the bail jumping charge in New York.
On 25 March 2013, defendant's probation officer filed new violation reports in each of his cases, alleging violations of the requirement that defendant remain within the court's jurisdiction. These reports included a statement that defendant's whereabouts were unknown, and that he had therefore absconded.
Defendant returned to North Carolina, and on 12 November 2013, was arrested. He was released on bond the next day. In May or June of 2014, defendant requested that his probation be transferred to Guilford County, so that he could live with his aunt. On 6 June 2014, the aunt kicked him out of her home. Defendant then returned to New York to live with family. Once again, defendant left without permission of his probation officer.
On 30 June 2014, defendant's probation officer filed new violation reports in each of his cases, alleging that he had again left the jurisdiction without permission. Each report also alleged that he had committed a new criminal offense, in that the charges of assault with a deadly weapon and assault on a female were still pending. The reports noted that, if defendant were convicted on those charges, it would constitute a violation of his probation.
On 7 August 2014, a hearing was held before the trial court on defendant's alleged violations of the conditions of his probation. The trial court found that defendant had willfully violated his probation in each case, revoked his probation, and activated defendant's suspended sentences.
Defendant appeals.
II. Standard of Review
"A hearing to revoke a defendant's probationary sentence only requires that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended. The judge's finding of such a violation, if supported by competent evidence, will not be overturned absent a showing of manifest abuse of discretion." State v. Young,190 N.C.App. 458, 459, 660 S.E.2d 574, 576 (2008) (citations and quotation marks omitted).
III. Absconding
In his first argument, defendant contends that the trial court erred in finding that he had absconded, when this was not a condition of his probation. We are compelled to agree.
Defendant was originally sentenced to probation based on offenses which took place in 2010, prior to the passage of the Justice Reinvestment Act of 2011 (the JRA) by the General Assembly. The JRA, among other things, provided that while the trial court could modify probation for any violation, it could only revoke probation for a defendant's commission of a criminal offense in any jurisdiction, or his absconding from supervised probation, or if defendant had been previously confined twice in response to probation violations under the statute. N.C. Gen.Stat. §§ 15A-1343(b)(1), (b)(3a), 15A-1344(a), (d2) (2011) ; see also State v. Nolen,--- N.C.App. ----, ----, 743 S.E.2d 729, 730 (2013).
The JRA initially made both provisions effective for probation violations occurring on or after 1 December 2011. See2011 N.C. Sess. Laws 192, sec. 4. (d). The effective date clause was later amended, however, to make the new absconding condition applicable only to offensescommitted on or after 1 December 2011, while the limited revoking authority remained effective for probation violations occurring on or after 1 December 2011. See2011 N.C. Sess. Laws 412, sec. 2.5.
Nolen,--- N.C.App. at ----, 743 S.E.2d at 731 (quoting State v. Hunnicutt,--- N.C.App. ----, ----, 740 S.E.2d 906, 911 (2013) ) (emphasis in original).
In Nolen,the defendant pled guilty to drug charges in 2010, prior to the passage of the JRA. Defendant was placed on supervised probation, and in 2012, a violation report alleged that defendant had violated the condition of her probation requiring her to remain within the jurisdiction. Based upon this violation, the trial court revoked defendant's probation. Id.at ----, 743 S.E.2d at 729-30. On appeal, this Court observed that "the underlying offenses were committed in 2010-when Defendant was not yet subject to the new absconding condition of probation set out in N.C. Gen.Stat. § 15A-1343(b)(3a)." Id.at ----, 743 S.E.2d at 731. We further noted that "[a]lthough the probation officer used the term 'absconding' to describe Defendant's non-compliance with the regular condition of probation under N.C. Gen.Stat. § 15A-1343(b)(2) (requiring the defendant to '[r]emain within the jurisdiction of the Court unless granted written permission to leave'), the trial court's limited revoking authority under the JRA does not include this section 15A-1343(b)(2) condition." Id.While the defendant clearly violated the no absconding provision of the statute, it was not a condition of her probation. Because of this, and because the State had not alleged that she had committed a new crime in violation of N.C. Gen.Stat. § 15A-1343(1), we held that the trial court lacked the authority to revoke her probation, and reversed and remanded the case.
We hold that, as to the applicability of the absconding provision found in N.C. Gen.Stat. § 15A-1343(b)(3a), the instant case is factually identical to Nolen.Under the rationale of the North Carolina Supreme Court case of In re Civil Penalty,324 N.C. 373, 384, 379 S.E.2d 30, 36 (1989), we are required to reach the same result as a prior panel of this Court. While our Supreme Court has the authority to disregard the holding in Nolen,this Court does not have such authority. The trial court erred in holding that defendant's probation could be revoked under the JRA based upon absconding.
IV. Pending Catawba County Charges
In his second argument, defendant contends that the trial court erred in finding that he had committed new criminal offenses, when these charges were merely pending at the time of his revocation hearing. We are compelled to agree.
Under the Justice Reinvestment Act, a defendant's probation is subject to revocation if he violates the normal condition of probation that he "[c]ommit no criminal offense in any jurisdiction ." N.C. Gen.Stat. § 15A-1343(b)(1) (2011) ; N.C. Gen.Stat. § 15A-1344(a) (2011). A conviction by jury trial or guilty plea is one way for the State to prove that a defendant committed a new criminal offense. See State v. Guffey,253 N.C. 43, 45, 116 S.E .2d 148, 150 (1960) ("[W]hen a criminal charge is pending in a court of competent jurisdiction, which charge is the sole basis for activating a previously suspended sentence, such sentence should not be activated unless there is a conviction on the pending charge or there is a plea of guilty entered thereto." (emphasis added)). The State may also introduce evidence from which the trial court can independently find that the defendant committed a new offense. See, e.g., State v. Monroe,83 N.C.App. 143, 145-46, 349 S.E.2d 315, 317 (1986), State v. Debnam,23 N.C.App. 478, 480-81, 209 S.E.2d 409, 410-11 (1974).
State v. Lee,--- N.C.App. ----, ----, 753 S.E.2d 721, 723 (2014).
In the instant case, the only evidence presented of subsequent North Carolina criminal offenses was the existence of the charges pending against defendant in Catawba County. At the hearing, the probation officer testified that these charges were pending. The State presented no evidence with respect to these charges that could have supported an independent finding by the trial court that defendant had committed the offenses. Pursuant to Lee,we hold that, to the extent that the trial court relied upon defendant's pending charges in Catawba County as a basis for revocation, such reliance was error.
V. Out-of-State Offenses
In his third argument, defendant contends that the trial court erred in finding that defendant had committed new criminal offenses in other states. We again must agree.
At trial, defendant testified that, in 2013, he was convicted of DWI and bail jumping in New York. However, these two out-of-state convictions were never alleged in any of the violation reports filed by his probation officer. The only out-of-state matter alleged in the violation reports was the fact that defendant had been arrested in New Jersey and New York; however, this was not alleged in the context of committing a new criminal offense, but rather that defendant was arrested for the alleged probation violations in North Carolina.
Defendant cites to our decision in State v. Kornegay,---N.C.App. ----, 745 S.E.2d 880 (2013), for the proposition that a defendant cannot have his probation revoked based upon conduct that was not alleged in violation reports.
In Kornegay,defendant's probation was subject to the conditions that he (1) not possess drug paraphernalia, (2) not possess a firearm or other deadly weapon, and (3) not use or possess any non-prescribed drugs or controlled substances. During a subsequent search, police found weapons and drugs in defendant's home. Kornegay,--- N.C.App. at ----, 745 S.E.2d at 881. In the violation reports, the probation officer did not allege that defendant committed a subsequent criminal offense, but rather that defendant had violated one of the conditions of his probation. The trial court, however, revoked defendant's probation because he "committed a subsequent criminal offense." Id.Since the JRA was in effect at the time of the revocation hearing, the defendant's probation could only be revoked for specific violations set forth in N.C. Gen.Stat. §§ 15-1343 and 15-1344. We held that the violation reports, which did not allege revocation-eligible offenses, did not provide defendant notice of the fact that his probation might be revoked, and that the trial court therefore lacked jurisdiction to revoke his probation. Id.at ----, 745 S.E.2d at 883.
In the instant case, although defendant's arrests in New Jersey and New York are mentioned in the violation reports, the two convictions in New York were not stated as bases for a revocation of his probation. The subsequent criminal conduct specifically alleged against defendant did not include any out-of-state conduct. We hold that this failed to provide defendant with the necessary notice to prepare a defense concerning these convictions, and that the trial court therefore lacked jurisdiction to consider them as a basis for revocation of defendant's probation. The trial court erred in relying on these charges, which were not alleged in violation reports, as a basis for revocation.
VI. Conclusion
Defendant was not subject to the absconding condition contained in the JRA. Defendant's criminal charges in Catawba County were still pending, and there was no evidence presented that would support an independent finding by the trial court of criminal conduct occurring within the State of North Carolina. The probation violation reports failed to allege out-of-state convictions as a basis for revocation. The trial court erred in revoking defendant's probation.
REVERSED AND REMANDED.
Report per Rule 30(e).
Judges HUNTER, Jr., ROBERT N. and DAVIS concur.
Opinion
Appeal by defendant from judgments entered 7 August 2014 by Judge Nathaniel J. Poovey in Catawba County Superior Court. Heard in the Court of Appeals 20 May 2015.