BRYANT, Judge.
Where the State did not present evidence of defendant's probation violations such that defendant's probation could be revoked, the order of the trial court revoking defendant's probation must be reversed.
On 17 November 2011, a jury found defendant Michael Elston Smith, Jr., guilty of felony larceny. The trial court sentenced defendant to a term of 10 to 12 months of imprisonment. That sentence was suspended and defendant was placed on supervised probation for a period of 48 months.
On 21 May 2013, defendant's probation officer filed a violation report which alleged that defendant had willfully violated eleven conditions of his probation. The report alleged, inter alia,that defendant was a probation absconder because he had changed addresses without notifying his probation officer[1] and that he committed the new criminal offenses of possession of methamphetamine precursors on 9 November 2012 and possession of drug paraphernalia on 14 September 2012, 16 October 2012, and 9 November 2012.
On 5 June 2013, defendant pled guilty pursuant to a negotiated plea arrangement to possession of methamphetamine precursors and misdemeanor larceny. The trial court consolidated the offenses for judgment and sentenced defendant to a term of 21 to 35 months of imprisonment. At sentencing, defendant acknowledged that the conviction constituted a violation of his probation and asked the trial court to activate his suspended sentence. The trial court left the matter unresolved until defendant's scheduled probation violation hearing the following day.
At the violation hearing on 6 June 2013, defendant waived his right to counsel. Upon prompting from the State, he admitted to nine of the eleven alleged violations. However, the State made no inquiry regarding the two remaining violations which alleged that defendant had committed new criminal offenses. The assistant district attorney ("ADA") informed the trial court that the State would not proceed as to those alleged violations. Defendant's probation officer then addressed the trial court and stated that defendant had moved to a new address without informing her.
Based upon defendant's admissions and the information provided by the probation officer, the trial court found that defendant had willfully violated the terms of his probation. The trial court revoked defendant's probation and activated a modified suspended sentence of 8 to 10 months of imprisonment. The sentence was to run at the expiration of the active sentence defendant had received the previous day.
On 13 June 2014, defendant filed a petition for writ of certiorari with this Court seeking review of both judgments. On 20 June 2014, this Court entered an order allowing the petition as to the 6 June 2013 judgment and denying the petition as to the 5 June 2013 judgment.
_________________________
In his sole argument on appeal, defendant argues that the trial court erred by revoking his probation and activating his suspended sentence. Specifically, defendant contends his probation was not subject to revocation on the basis of absconding and that the State did not pursue its allegations that he committed new criminal offenses. We agree.
A hearing to revoke a defendant's probationary sentence only requires that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended. The judge's finding of such a violation, if supported by competent evidence, will not be overturned absent a showing of manifest abuse of discretion.
State v. Young,190 N.C.App. 458, 459, 660 S.E.2d 574, 576 (2008) (citations and quotation omitted).
Because defendant's alleged probation violations occurred after 1 December 2011, they are governed by the terms of the Justice Reinvestment Act ("JRA"). See State v. Jones,--- N.C.App. ----, ----, 736 S.E.2d 634, 637 (2013).
[F]or probation violations occurring on or after 1 December 2011, the JRA limited trial courts' authority to revoke probation to those circumstances in which the probationer: (1) commits a new crime in violation of N.C. Gen.Stat. § 15A-1343(b)(1) ; (2) absconds supervision in violation of N.C. Gen.Stat. § 15A-1343(b)(3a) ; or (3) violates any condition of probation after serving two prior periods of CRV [confinement in response to violation] under N.C. Gen.Stat. § 15A-1344(d2).
State v. Nolen,--- N.C.App. ----, ----, 743 S.E.2d 729, 730 (2013) (citing N.C. Gen.Stat. § 15A-1344(a) ). Under the JRA, "the limited revoking authority remained effective for probation violations occurring on or after 1 December 2011." State v. Hunnicutt,--- N.C.App. ----, ----, 740 S.E.2d 906, 911 (2013). However, "the new absconding condition [is] applicable only to offensescommitted on or after 1 December 2011[.]" Id.Here, because defendant's underlying offense occurred prior to his 17 November 2011 date of conviction, which was prior to 1 December 2011, defendant's probation was not subject to revocation pursuant to the absconding condition in N.C. Gen.Stat. § 15A-1343(b)(3a) ; the State concedes this in its brief to this Court. See Nolen,--- N.C.App. at ----, 743 S.E.2d at 731.
However, the State contends defendant's probation was still subject to revocation based upon allegations nine and ten in the probation violation report that defendant had committed new criminal offenses after 1 December 2011. The State's argument is not supported by the record, however, as the transcript from the violation hearing demonstrates that the State did not proceed with these alleged violations. Rather, after defendant admitted to the first eight allegations in the violation report, the State then told the trial court that it would not proceed on the ninth and tenth allegations. The ADA then had defendant admit the final (eleventh) allegation in the violation report. Both the ADA's statements and the fact that defendant was asked to admit only to committing violations one through nine and eleven compel the conclusion that the State specifically elected not to proceed on allegations nine and ten involving new criminal offenses. This conclusion is reinforced by the probation officer's statement to the trial court, which was the only evidence provided by the State during the revocation hearing. The probation officer said nothing of defendant having committed new criminal offenses; rather, the probation officer only stated that defendant had changed addresses without notifying her. Since the State elected not to pursue these violations of defendant having committed new criminal offenses and presented no evidence that they occurred, the alleged violations involving new criminal offenses could not provide the basis for revocation of defendant's probation. See State v. Tozzi,84 N.C.App. 517, 521, 353 S.E.2d 250, 253 (1987) ("[T]he State's burden of proof during probation revocation hearings is to present evidence that reasonably satisfies the trial court in its discretion that defendant has violated a valid condition of probation.").
Ultimately, there were no violations actually pursued by the State which would provide the trial court with the statutory authority to revoke defendant's probation and activate his suspended sentence. See Nolen,---N.C.App. at ----, 743 S.E.2d at 731. Accordingly, the trial court's judgment is reversed and the case is remanded "for entry of an appropriate judgment for Defendant's admitted probation violations consistent with the provisions of N.C. Gen.Stat. § 15A-1344." Id.at ----, 743 S.E.2d at 731.
REVERSED AND REMANDED.
Judge DIETZ and TYSON concur.
Report per Rule 30(e).
Opinion
On writ of certiorari to review judgment entered 6 June 2013 by Judge James W. Morgan in Lincoln County Superior Court. Heard in the Court of Appeals 1 June 2015.

The probation violation report does not give a date as to when defendant changed addresses without notifying his probation officer and, thus, became a probation absconder. However, it would appear that, based on the dates of the other alleged probation violations in the report, as well as the testimony of defendant's probation officer and no evidence from the State to suggest otherwise, defendant changed addresses sometime in 2012 or 2013.