**STATE v. NOLEN**

[228 N.C. App. 203 (2013)]

STATE OF NORTH CAROLINA
v.
COREY LEIGHANN NOLEN

No. COA13-132

Filed 2 July 2013

**Probation and Parole—revocation of probation—Justice Reinvestment Act—revocation improper**

The trial court erred by revoking defendant's probation in light of the changes wrought by the Justice Reinvestment Act (JRA). Defendant had not committed a new crime and was not subject to the new absconding condition codified by the JRA in N.C.G.S. § 15A-1343(b)(3a). Furthermore, defendant had served no prior confinements in response to violations (CRVs) under N.C.G.S. § 15A-1344(d2). The judgment entered upon revocation of defendant's probation was reversed.

Appeal by Defendant from judgment entered 26 September 2012 by Judge Hugh B. Lewis in Gaston County Superior Court. Heard in the Court of Appeals 24 June 2013.

*Attorney General .Roy Cooper, by Assistant Attorney General Phyllis Tranchese, for the State.*

*Don Willey for Defendant.*

STEPHENS, Judge.

*Background*

Corey Leighann Nolen ("Defendant") appeals from a judgment entered upon revocation of her probation. Because the trial court lacked statutory authority to revoke Defendant's probation in response to the violation alleged in the probation officer's report, we reverse the judgment and remand for further proceedings.

On 13 April 2010, Defendant pled guilty to attempted trafficking in opiates by sale and attempted trafficking in opiates by delivery. The trial court consolidated the offenses for judgment, suspended a prison sentence of 14 to 17 months, and placed Defendant on supervised probation for 28 months. A violation report filed 29 June 2012 charged that Defendant violated the following ·regular condition of probation:

**STATE v. NOLEN**

[228 N.C. App. 203 (2013)]

"Remain within the jurisdiction of the [c]ourt unless granted written permission to leave by the [c]ourt or the probation officer[.]" *See* N.C. Gen. Stat. § 15A-1343(b)(2) (2011). The report alleged that Defendant was not present at her last known address when her probation officer attempted a home contact on 15 June 2012 and that she had "made her whereabouts unknown to probation, therefore absconding supervision." A second violation report filed the same day charged Defendant with failure to satisfy the monetary conditions of probation.

At a hearing held 26 September 2012, Defendant admitted to the alleged violations and asked the court to "do some sort of CRV"[1] in lieu of revoking her probation. Instead, the court revoked Defendant's probation and activated her suspended sentence of 14 to 17 months of imprisonment.

Defendant filed timely notice of appeal from the judgment. Because her notice of appeal lacked proof of service upon the State, as required by our appellate rules, she has since filed a petition for a writ of *certiorari* in this Court as an alternative basis for appellate review, alleging that her notice of appeal was defective through no fault of her own. *See* N.C.R. App. P. 21(a)(1). Despite Defendant's failure to offer evidence of service of process, the State did not move to dismiss Defendant's appeal and has actively participated in this case — properly filing its brief after Defendant filed hers and responding to Defendant's petition for *certiorari* in a timely manner. In that response, the State further contends that "[w]hether to allow the [p]etition is within this Court's discretion." Therefore, we dismiss the petition and consider the merits of Defendant's direct appeal. *See Hale v. Afro-American Arts Int'l, Inc.*, 335 N.C. 231, 232, 436 S.E.2d 588, 589 (1993) (reversing dismissal of the defendant's appeal on grounds that the plaintiff "waived service of notice of appeal" by failing to raise the issue "by motion or otherwise and by participating without objection in the appeal").

*Discussion*

Defendant claims the trial court lacked statutory authority to revoke her probation based on the violations alleged by her probation officer. She notes that her violations occurred after the effective date of the Justice Reinvestment Act of 2011 ("JRA"), which placed limits on the court's authority to revoke probation for violations occurring on or

---

1. A CRV is a "confinement in response to violations" and is provided for in N.C. Gen. Stat. § 15A-1344(d2) (2011).

after 1 December 2011. *See* 2011 N.C. Sess. Laws 192, sec. 4. Defendant further asserts that the trial court erroneously found her in violation of a condition of probation enacted by the JRA in N.C. Gen. Stat. § 15A-1343(b)(3a), which "was not in existence when the trial court originally sentenced her in 2010."

The enactment of the JRA brought two significant changes to North Carolina's probation system. First, for probation violations occurring on or after 1 December 2011, the JRA limited trial courts' authority to revoke probation to those circumstances in which the probationer: (1) commits a new crime in violation of N.C. Gen. Stat. § 15A-1343(b)(1); (2) absconds supervision in violation of N.C. Gen. Stat. § 15A-1343(b) (3a); or (3) violates any condition of probation after serving two prior periods of CRV under N.C. Gen. Stat. § 15A-1344(d2). *See* N.C. Gen. Stat. § 15A-1344(a). For all other probation violations, the JRA authorizes courts to alter the terms of probation pursuant to N.C. Gen. Stat. § 15A-1344(a) or impose a CRV in accordance with N.C. Gen. Stat. 15A-1344(d2), but not to revoke probation. *Id.*

Second, "the JRA made the following a regular condition of probation: 'Not to abscond, by willfully avoiding supervision or by willfully making the defendant's whereabouts unknown to the supervising probation officer.' " *State v. Hunnicutt*, __ N.C. App. __, __, 740 S.E.2d 906, 910 (2013) (quoting N.C. Gen. Stat. § 15A-1343(b)(3a)).

> The JRA initially made both provisions effective for probation violations occurring on or after 1 December 2011. *See* 2011 N.C. Sess. Laws 192, sec. 4.(d). The effective date clause was later amended, however, to make the new absconding condition applicable only to *offenses* committed on or after 1 December 2011, while the limited revoking authority remained effective for probation violations occurring on or after 1 December 2011. *See* 2011 N.C. Sess. Laws 412, sec. 2.5.

*Id.* at __, 740 S.E.2d at 911 (emphasis in original).

The judgment entered by the trial court herein includes the finding that Defendant willfully violated probation as alleged in the violation reports. The court also found that revocation of probation was authorized "for the willful violation of the condition(s) that [Defendant] not commit any criminal offense, [N.C. Gen. Stat. §] 15A-1343(b)(1), or abscond from supervision, [N.C. Gen. Stat. §] 15A-1343(b)(3a)[.]" *See* 2011 N.C. Sess. Laws 192, sec. 4(b), (d). This finding is erroneous.

STATE v. NOLEN

[228 N.C. App. 203 (2013)]

The State neither alleged nor proved that Defendant had committed a new crime. Further, the underlying offenses were committed in 2010 — when Defendant was not yet subject to the new absconding condition of probation set out in N.C. Gen. Stat. § 15A-1343(b)(3a). *See Hunnicutt*, __ N.C. App. at __, 740 S.E.2d at 910–11. Although the probation officer used the term "absconding" to describe Defendant's noncompliance with the regular condition of probation under N.C. Gen. Stat. § 15A-1343(b)(2) (requiring the defendant to "[r]emain within the jurisdiction of the Court unless granted written permission to leave"), the trial court's limited revoking authority under the JRA does not include this section 15A-1343(b)(2) condition.

The record establishes that Defendant violated only the condition of probation under N.C. Gen. Stat. § 15A-1343(b)(2) and the monetary conditions under N.C. Gen. Stat. § 15A-1343(b). She did not commit a new crime and was not subject to the new absconding condition codified by the JRA in N.C. Gen. Stat. § 15A-1343(b)(3a). In addition, the violation reports show that Defendant had served no prior CRVs under N.C. Gen. Stat. § 15A-1344(d2). Therefore, in light of the changes wrought by the JRA, her probation could not be revoked. *See* N.C. Gen. Stat. § 15A-1344(a).

The judgment entered upon revocation of probation is hereby reversed. We remand to the trial court for entry of an appropriate judgment for Defendant's admitted probation violations consistent with the provisions of N.C. Gen. Stat. § 15A-1344.

REVERSED and REMANDED for further proceedings.

Judges McGEE and ELMORE concur.