An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-891

NORTH CAROLINA COURT OF APPEALS

Filed: 21 January 2014

STATE OF NORTH CAROLINA

v.

TRAVIS DYSHAUWN WATLINGTON

Alamance County
Nos. 11 CRS 50193, 51683

Appeal by defendant from judgments entered 21 February 2013 by Judge Robert F. Johnson in Alamance County Superior Court. Heard in the Court of Appeals 30 December 2013.

*Attorney General Roy Cooper, by Assistant Attorney General Tiffany Y. Lucas, for the State.*

*Gerding Blass, PLLC, by Danielle Blass, for defendant-appellant.*

HUNTER, JR., Robert N., Judge.

Defendant Travis Dyshauwn Watlington ("Defendant") appeals from judgments entered upon revocation of his probation. For the reasons discussed herein, we reverse the judgments and remand for further proceedings.

On 21 February 2012, pursuant to a plea agreement, Defendant pleaded guilty to four counts of common law robbery

and two counts of felony larceny. In accordance with the plea agreement, Defendant was to receive an active sentence for the common law robbery convictions. With respect to his larceny convictions, Defendant received two consecutive sentences of eight to ten months imprisonment, which were suspended and Defendant was placed on supervised probation for twenty-four months.

On 13 September 2012, Defendant's probation officer filed violation reports alleging Defendant violated the conditions of his probation in that he failed to pay court costs and probation supervision fees and that he committed the offense of misdemeanor possession of drug paraphernalia. Defendant's probation officer filed additional reports on 5 October 2012 alleging Defendant tested positive for marijuana. On 27 and 29 November 2012, Defendant's probation officer filed reports alleging Defendant failed to appear in superior court for his probation violation, failed to appear in district court for his pending charge of misdemeanor possession of drug paraphernalia, failed to report for his scheduled office visit on 1 November 2012, and that on 31 October 2012 Defendant left his place of residence and failed to make his whereabouts known to his probation officer.

The matter came on for hearing on 21 February 2013. The State withdrew the allegation that Defendant violated his probation by committing the offense of misdemeanor possession of drug paraphernalia and Defendant admitted the remaining allegations. The trial court found Defendant violated the conditions of his probation willfully and without lawful excuse. The trial court revoked Defendant's probation and activated his suspended sentence. Defendant timely filed written notice of appeal.

Defendant's sole argument on appeal is that the trial court erred in revoking his probation because Defendant did not commit a new criminal offense, did not abscond, and had not previously received two periods of confinement in response to violation. We agree that the trial court erred in revoking Defendant's probation, and the State concedes that the judgments should be reversed.

We are unable to distinguish the present case from our recent decision in *State v. Nolen*, ___ N.C. App. ___, 743 S.E.2d 729 (2013). In *Nolen*, the defendant argued the trial court lacked statutory authority to revoke her probation based upon the violations alleged by her probation officer. *Id.* at ___, 743 S.E.2d at 730. The defendant contended that her violations

occurred after the effective date of the Justice Reinvestment Act ("JRA"), which limited the trial court's authority to revoke probation for violations occurring on or after 1 December 2011. *Id.*

> [F]or probation violations occurring on or after 1 December 2011, the JRA limited trial courts' authority to revoke probation to those circumstances in which the probationer: (1) commits a new crime in violation of N.C. Gen. Stat. § 15A-1343(b)(1); (2) absconds supervision in violation of N.C. Gen. Stat. § 15A-1343(b)(3a); or (3) violates any condition of probation after serving two prior periods of CRV [confinement in response to violation] under N.C. Gen. Stat. § 15A-1344(d2).

*Id.* (citing N.C. Gen. Stat. § 15A-1344(a)). The defendant further contended that the trial court erred in finding her in violation of the new absconding condition set forth in N.C. Gen. Stat. § 15A-1343(b)(3a) because it was not in existence at the time she committed her offenses.[1] *Id.* This Court reversed and remanded the case for further proceedings, holding:

> The record establishes that Defendant violated only the condition of probation under N.C. Gen. Stat. § 15A-1343(b)(2) and the monetary conditions under N.C. Gen.

---

[1] Under the JRA, "the new absconding condition [is] applicable only to *offenses* committed on or after 1 December 2011." *State v. Hunnicutt*, ___ N.C. App. ___, ___, 740 S.E.2d 906, 911 (2013). Here, Defendant's larceny offenses were committed on 8 January 2011 and 2 March 2011.

> Stat. § 15A-1343(b). She did not commit a new crime and was not subject to the new absconding condition codified by the JRA in N.C. Gen. Stat. § 15A-1343(b)(3a). In addition, the violation reports show that Defendant had served no prior CRVs under N.C. Gen. Stat. § 15A-1344(d2). Therefore, in light of the changes wrought by the JRA, her probation could not be revoked.

*Id.* at ___, 743 S.E.2d at 731.

In the present case, the State withdrew the allegation that defendant committed a new criminal offense. Also there is no evidence that Defendant served any CRVs. Moreover, although the probation officer told the trial court that Defendant absconded and the trial court found that Defendant had absconded, the absconding condition was not applicable to Defendant. As noted, the new absconding condition only applies to offenses committed on or after 1 December 2011, and Defendant's underlying offenses were committed prior to 1 December 2011. Accordingly, we conclude the trial court erred in revoking Defendant's probation. Therefore, we reverse the judgments and remand for further proceedings consistent with this opinion.

Reversed and remanded.

Chief Judge MARTIN and Judge DILLON concur.

Report per Rule 30(e).