An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-825

NORTH CAROLINA COURT OF APPEALS

Filed: 21 January 2014

STATE OF NORTH CAROLINA

    v.

MINDY LEIGH-ANNA JACKSON

Pitt County

Nos. 09 CRS 059887, 059891

Appeal by defendant from judgments entered 10 December 2012 by Judge W. Russell Duke, Jr. in Pitt County Superior Court. Heard in the Court of Appeals 30 December 2013.

*Attorney General Roy Cooper, by Assistant Attorney General Micheal E. Butler, for the State.*

*Mary McCullers Reece for defendant-appellant.*

HUNTER, JR., Robert N., Judge.

Defendant Mindy Leigh-Anna Jackson ("Defendant") appeals from judgments entered upon revocation of her probation. We reverse the judgments and remand for further proceedings.

On 9 March 2011, Defendant pleaded guilty to two counts of felony breaking or entering of a motor vehicle and two counts of misdemeanor larceny. The trial court sentenced Defendant to six to eight months imprisonment for each felony breaking or

entering conviction and to forty-five days in jail for each misdemeanor larceny conviction. The sentences were suspended and Defendant was placed on forty-eight months of supervised probation.

On 22 October 2012, Defendant's probation officer filed violation reports as to both of the breaking or entering convictions and one of the larceny convictions. The reports alleged that Defendant: (1) "FAILED TO REPORT ON ASSIGNED DAY THE LAST FIVE OFFICE APPOINTMENTS[;]" (2) "HAS NOT BEEN SEEN AT A VALID ADDRESS SINCE 7/11/12 . . . . OFFENDER HAS ABSCONDED AND IS ACTIVELY AVOIDING SUPERVISION[;]" and (3) "HAS FAILED TO BE AT ASSIGNED RESIDENCE WHEN TOLD ON 8/08 AT 1540, 9/05 AT 1915, 9/23 AT 1522, & 9/26 AT 1421." One of the violation reports also alleged that Defendant "IS IN ARREARS $7,497.82." On 30 November 2012, the probation officer filed a violation report as to the other larceny conviction. The allegations were the same as in the prior reports, except there was no allegation regarding Defendant being in arrears.

The matter came on for hearing on 10 December 2012. Defendant admitted she was in arrears, but denied the other allegations. After hearing testimony from Defendant's probation officer and Defendant, the trial court found that Defendant

failed to report for her last five office visits, she was behind on her court indebtedness, she had absconded, she had not made herself available for supervision, and she had failed to be at her residence at set times. The trial court found the violations were willful and revoked Defendant's probation. The trial court activated Defendant's suspended sentence and sentenced her to twelve to sixteen months imprisonment. Defendant filed timely notice of appeal.

Citing *State v. Nolen*, ___ N.C. App. ___, 743 S.E.2d 729 (2013), Defendant argues the trial court erred by revoking her probation and activating her suspended sentences. We agree that the trial court lacked statutory authority to revoke Defendant's probation and the State concedes that the judgments should be reversed.

In *Nolen*, the defendant argued that the trial court lacked statutory authority to revoke her probation based upon the violations alleged by her probation officer. *Id.* at ___, 743 S.E.2d at 730. The defendant contended that her violations occurred after the effective date of the Justice Reinvestment Act ("JRA"), which limited the trial court's authority to revoke probation for violations occurring on or after 1 December 2011. *Id.*

> [F]or probation violations occurring on or after 1 December 2011, the JRA limited trial courts' authority to revoke probation to those circumstances in which the probationer: (1) commits a new crime in violation of N.C. Gen. Stat. § 15A-1343(b)(1); (2) absconds supervision in violation of N.C. Gen. Stat. § 15A-1343(b)(3a); or (3) violates any condition of probation after serving two prior periods of CRV [confinement in response to violation] under N.C. Gen. Stat. § 15A-1344(d2).

*Id.* (citing N.C. Gen. Stat. § 15A-1344(a)). The defendant further contended that the trial court erred in finding her in violation of the new absconding condition set forth in N.C. Gen. Stat. § 15A-1343(b)(3a) because it was not in existence at the time she committed her offenses.[1] *Id.* This Court reversed and remanded the case for further proceedings, holding:

> The record establishes that Defendant violated only the condition of probation under N.C. Gen. Stat. § 15A-1343(b)(2) and the monetary conditions under N.C. Gen. Stat. § 15A-1343(b). She did not commit a new crime and was not subject to the new absconding condition codified by the JRA in N.C. Gen. Stat. § 15A-1343(b)(3a). In addition, the violation reports show that Defendant had served no prior CRVs under N.C. Gen. Stat. § 15A-1344(d2). Therefore, in light of the changes wrought by the JRA,

---

[1] Under the JRA, "the new absconding condition [is] applicable only to *offenses* committed on or after 1 December 2011." *State v. Hunnicutt*, ___ N.C. App. ___, ___, 740 S.E.2d 906, 911 (2013). Here, each of Defendant's underlying offenses were committed in April 2009.

her probation could not be revoked.

*Id.* at ___, 743 S.E.2d at 731.

We are unable to distinguish the present case from *Nolen*. Here, Defendant did not commit any new crimes, she did not serve any CRVs, and her underlying offenses were committed prior to the new absconding condition's effective date. Accordingly, the trial court erred in revoking Defendant's probation. Therefore, we reverse the judgments and remand for further proceedings consistent with this opinion.

Reversed and remanded.

Chief Judge MARTIN and Judge DILLON concur.

Report per Rule 30(e).