An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1108
NORTH CAROLINA COURT OF APPEALS

Filed:  6 May 2014

STATE OF NORTH CAROLINA

v.                                    Scotland County
                                      No. 11 CRS 50535
ROMAN CHANDLER DAVIS


Appeal by defendant from judgment entered 3 June 2013 by Judge Richard Brown in Scotland County Superior Court.  Heard in the Court of Appeals 31 March 2014.

> *Roy Cooper, Attorney General, by Kathryn Jones Cooper, Special Deputy Attorney General, for the State.*

> *W. Michael Spivey for defendant-appellant.*


DAVIS, Judge.


Roman Chandler Davis ("Defendant") appeals from judgment entered upon revocation of his probation.  On appeal, he argues that the trial court lacked the statutory authority to revoke his probation under the absconding provision of N.C. Gen. Stat. § 15A-1343(b)(3a) because that provision was not applicable to him in light of the date of his offense.  After careful review, we reverse the judgment and remand for further proceedings.

**Factual Background**

On 21 August 2012, Defendant pled guilty to assault inflicting serious bodily injury — an offense that occurred on 5 March 2011. The trial court sentenced Defendant to a term of 19 to 23 months imprisonment. The trial court suspended the sentence and placed Defendant on supervised probation for 24 months.

On 15 November 2012, Defendant's probation officer filed a violation report alleging that Defendant had violated the conditions of probation in that (1) he failed to make scheduled office visits on 5 September 2012 and 7 November 2012; (2) he was no longer staying at his last known address and was therefore an absconder; and (3) he failed to provide a DNA sample for testing.

The matter came on for hearing on 3 June 2013. The trial court revoked Defendant's probation and activated his sentence of 19 to 23 months imprisonment. The trial court found that Defendant's probation was subject to revocation "for the willful violation of the condition(s) that he/she not commit any criminal offense, G.S. 15A-1342(b)(1), or abscond from supervision, G.S. 15A-1343(b)(3a)." Defendant gave notice of appeal in open court.

## Analysis

Citing *State v. Nolen*, ___ N.C. App. ___, 743 S.E.2d 729 (2013), Defendant argues the trial court erred by revoking his probation and activating his suspended sentence. The State concedes that it is unable to distinguish the facts in the present case from the facts in *Nolen*. We agree.

In *Nolen*, the defendant argued that the trial court lacked statutory authority to revoke her probation based upon the violations alleged by her probation officer. The defendant contended that her violations occurred after the effective date of the Justice Reinvestment Act ("JRA"), which limited the trial court's authority to revoke probation for violations occurring on or after 1 December 2011. *Nolen*, ___ N.C. App. at ___, 743 S.E.2d at 730.

> [F]or probation violations occurring on or after 1 December 2011, the JRA limited trial courts' authority to revoke probation to those circumstances in which the probationer: (1) commits a new crime in violation of N.C. Gen. Stat. § 15A-1343(b)(1); (2) absconds supervision in violation of N.C. Gen. Stat. § 15A-1343(b)(3a); or (3) violates any condition of probation after serving two prior periods of CRV [confinement in response to violation] under N.C. Gen. Stat. § 15A-1344(d2).

*Id.* at ___, 743 S.E.2d at 730 (citing N.C. Gen. Stat. § 15A-1344(a)).

The defendant further contended that the trial court erred in finding her in violation of the new absconding condition set forth in N.C. Gen. Stat. § 15A-1343(b)(3a) because that condition was not in existence at the time she committed her offenses. *Id.* at ___, 743 S.E.2d at 730. Under the JRA, "the new absconding condition [is] applicable only to offenses committed on or after 1 December 2011[.]" *State v. Hunnicutt*, ___ N.C. App. ___, ___, 740 S.E.2d 906, 911 (2013) (emphasis omitted). This Court reversed and remanded the case for further proceedings, holding:

> The record establishes that Defendant violated only the condition of probation under N.C. Gen. Stat. § 15A-1343(b)(2) and the monetary conditions under N.C. Gen. Stat. § 15A-1343(b). She did not commit a new crime and was not subject to the new absconding condition codified by the JRA in N.C. Gen. Stat. § 15A-1343(b)(3a). In addition, the violation reports show that Defendant had served no prior CRVs under N.C. Gen. Stat. § 15A-1344(d2). Therefore, in light of the changes wrought by the JRA, her probation could not be revoked.

*Nolen*, ___ N.C. App. at ___, 743 S.E.2d at 731.

In the present case, it was not alleged that Defendant committed a new criminal offense. Also, there is no evidence

that Defendant served any CRVs. Moreover, although it was alleged and found that Defendant absconded, the absconding condition was not applicable to him because his underlying offense of assault inflicting serious bodily injury was committed before 1 December 2011. As noted above, the new absconding condition only applies to offenses committed on or after 1 December 2011, and Defendant's offense was committed on 5 March 2011. Accordingly, we conclude that the trial court lacked the authority to revoke Defendant's probation.

### Conclusion

For the reasons set out above, the trial court erred in revoking Defendant's probation. We therefore reverse the judgment and remand for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

Judges McGEE and ELMORE concur.

Report per Rule 30(e).