An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1268
NORTH CAROLINA COURT OF APPEALS

Filed: 17 June 2014

STATE OF NORTH CAROLINA

v.                               Haywood County
                                 Nos. 11 CRS 53915
CLIFFORD NATHANIEL WARREN            12 CRS 50517


Appeal by defendant from judgments entered 7 August 2013 by Judge Marvin P. Pope in Haywood County Superior Court. Heard in the Court of Appeals 26 May 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Tiffany Y. Lucas, for the State.*
>
> *Richard Croutharmel for defendant-appellant.*


HUNTER, Robert C., Judge.


Defendant Clifford Nathaniel Warren appeals from the judgments entered based upon the revocation of his probation. Defendant contends the trial court erred by revoking his probation on the grounds that it failed to make sufficient findings that he violated a valid condition of probation. We reverse the judgments revoking defendant's probation and remand the matter to the trial court.

**Background**

On 24 June 2013, defendant pled guilty to two counts of obtaining property by false pretenses for offenses committed on 14 and 24 October 2011. The trial court sentenced defendant to consecutive terms of 11 to 14 months imprisonment, suspended the sentences, and placed defendant on 24 months of supervised probation.

On 28 June 2013, a probation officer filed violation reports in each case alleging three probation violations, including that defendant had failed to report to his probation officer as directed on 27 and 28 June 2013, had absconded supervision, and had been untruthful about his contact information. On 24 July 2013, the officer filed an additional violation report and an addendum, alleging that defendant had admitted to using methamphetamine and had committed new criminal offenses.

At the revocation hearing, defendant denied having violated his probation, and the trial court declined to find that he had violated his probation based on the new criminal charges. Instead, the trial court revoked defendant's probation based on the three violations alleged in the violation reports filed on

28 June 2013, and his admitted use of methamphetamine, as alleged in the 24 July 2013 report. Defendant gave written notice of appeal.[1]

## Discussion

In his sole argument on appeal, defendant contends the trial court erred by revoking his probation, since he was not subject to the absconding condition established in N.C. Gen. Stat. § 15A-1343(b)(3a) (2013) and since the trial court did not find any other violation of a valid condition of probation sufficient to support revocation of his probation. The State concedes the trial court erred by revoking defendant's probation, and we agree.

Defendant and the State both assert that the relevant circumstances in this case are indistinguishable from those addressed in *State v. Nolen*, ___ N.C. App. ___, 743 S.E.2d 729

---

[1] Defendant's *pro se* written notice of appeal does not include proof of service as required by N.C. R. App. P. 4(a)(2) (2013). Acknowledging this defect, defendant filed a petition for writ of certiorari seeking to preserve his right to appellate review. Although we agree that defendant's notice of appeal does not meet the requirements of N.C. R. App. P. 4 for the reason defendant identifies, we have previously held such a defect is not fatal when the notice of appeal was timely filed and the opposing party has participated in the appeal. *State v. Ragland*, ___ N.C. App. ___, ___, 739 S.E.2d 616, 620, *disc. review denied*, ___ N.C. ___, 747 S.E.2d 548 (2013). Accordingly, because defendant's notice of appeal was timely and the appeal is properly before us, we dismiss the petition for writ of certiorari as moot.

(2013). In that case, the defendant pled guilty in 2010 and was placed on probation. *Id.* at __, 743 S.E.2d at 729-30. A 29 June 2012 violation report alleged that the defendant had absconded on 15 June 2012, and her probation was revoked in September 2012, based on an alleged violation of the absconding condition and a finding that she had failed to satisfy the monetary conditions of her probation. *Id.* On appeal, the defendant argued that the trial court lacked the statutory authority to revoke her probation under the 2011 Justice Reinvestment Act ("JRA"), because the new JRA absconding provision did not apply to her and the monetary violation was no longer a sufficient basis on which to revoke her probation under the JRA. *Id.* Citing *State v. Hunnicutt*, ___ N.C. App. ___, 740 S.E.2d 906 (2013), this Court held that for probation violations that occurred after the 1 December 2011 effective date of the JRA, a defendant's probation could only be revoked for violating the conditions specified under the JRA, including absconding as defined in N.C. Gen. Stat. § 15A-1343(b)(3a). *Nolen*, __ N.C. App. at __, 743 S.E.2d at 731. However, defendants placed on probation for offenses committed before the effective date of the JRA could not have their probation revoked based on a violation of the new absconding condition. *Id.* As a result,

this Court held the defendant's probation could not be revoked based on the trial court's finding she had absconded, because she committed her offenses prior to the effective date of the JRA. *Id.* In addition, the monetary violation was no longer a ground to revoke probation under the JRA, and this Court reversed the judgment revoking probation and remanded the matter to the trial court. *Id.*

Similarly, in this case defendant pled guilty to offenses that took place in October 2011, shortly before the effective date of the JRA, and thus was not subject to the new absconding condition set out in the JRA. Defendant's probation was subsequently revoked based on findings that he had absconded, as well as a finding that he had admitted to using methamphetamine. We note that the trial court specifically declined to find that defendant had committed any new crimes and made no other findings addressing any other grounds for revocation. Under the JRA, the trial court's finding regarding methamphetamine use is not sufficient to support a revocation of probation. *See* N.C. Gen. Stat. § 15A-1343 (2013). Accordingly, as in *Nolen*, we reverse the judgments revoking defendant's probation and remand the matter to the trial court.

REVERSED AND REMANDED.

Judges STEPHENS and ERVIN concur.

Report per Rule 30(e).