An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1078
NORTH CAROLINA COURT OF APPEALS

Filed: 17 June 2014

STATE OF NORTH CAROLINA

  v.                                  Gaston County
                                      Nos. 11 CRS 56874, 58352
TIMOTHY WAYNE ERVIN


Appeal by defendant from judgments entered 2 May 2013 by Judge Yvonne Mims Evans in Gaston County Superior Court. Heard in the Court of Appeals 26 May 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Gaines M. Weaver, for the State.*

> *J. Edward Yeager, Jr. for defendant-appellant.*


HUNTER, Robert C., Judge.

Defendant Timothy Wayne Ervin appeals from the judgments entered upon revocation of his probation. Defendant contends the trial court erred by revoking his probation on the grounds that it failed to make sufficient findings that he had violated a valid condition of probation. After careful review, we reverse the judgments revoking defendant's probation and remand the matter to the trial court.

**Background**

Defendant entered a guilty plea on 4 October 2011 to one count of breaking or entering a place of worship and one count of breaking or entering. The trial court sentenced defendant to consecutive terms of 19 to 23 and 11 to 14 months imprisonment, but suspended the sentences and placed defendant on supervised probation for 36 months. On 31 July 2012, the trial court modified defendant's probation, ordered defendant to serve three months of intensive probation, and added a special term of probation that defendant not be away from his residence between 6:00 p.m. and 6:00 a.m.

Defendant's probation officer filed violation reports on 19 December 2012, alleging defendant had violated the special condition of probation that he "[n]ot be away from [his] residence during the specified hours as set by the court or probation officer[,]" and violated the regular condition of his probation that he "[r]emain within the jurisdiction of the Court unless granted written permission to leave by the Court or the probation officer." All of defendant's violations were alleged to have occurred in November 2012. After a hearing on 2 May 2013, the trial court entered judgments finding defendant had willfully violated the terms and conditions of his probation as

alleged in the probation violation reports and activated defendant's consecutive suspended sentences. Defendant gave notice of appeal in open court.

## Discussion

Defendant now argues the trial court erred in revoking his probation and activating his sentences. We agree.

For probation violations occurring on or after 1 December 2011, a trial court may only revoke probation where the defendant: "(1) commits a new crime in violation of N.C. Gen. Stat. § 15A-1343(b)(1); (2) absconds supervision in violation of N.C. Gen. Stat. § 15A-1343(b)(3a); or (3) violates any condition of probation after serving two prior periods of [confinement in response to violations] under N.C. Gen. Stat. § 15A-1344(d2)." *State v. Nolen*, ___ N.C. App. ___, ___, 743 S.E.2d 729, 730 (2013) (citing N.C. Gen. Stat. § 15A-1344(a) (2011)). For all other probation violations, a trial court may "alter the terms of probation pursuant to N.C. Gen. Stat. § 15A-1344(a) or impose a [confinement in response to violations] in accordance with N.C. Gen. Stat. § 15A-1344(d2)," but the court may not revoke probation. *Id.*

Here, defendant's alleged violations of the terms and conditions of his probation involved his failure to comply with

the curfew terms set out in a special condition of probation and his failure to remain within the jurisdiction of the court as required by N.C. Gen. Stat. § 15A-1343(b)(2) (2013). While the probation officer also stated defendant had "absconded" in violation of section 15A-1343(b)(3a), this Court has held that the absconding condition of probation is only applicable for offenses committed after the effective date of 1 December 2011. *See Nolen*, __ N.C. App. at __, 743 S.E.2d at 731. Here, because defendant's underlying offense occurred before 1 December 2011, section 15A-1343(b)(3a) is inapplicable, and defendant's probation may not be revoked based on a violation of the absconding condition. *See id.* Furthermore, neither of the alleged violations of the applicable conditions of probation support revocation of defendant's probation until he has served two prior periods of confinement in response to violations.

The record does not show that defendant had served any prior periods of confinement in response to violations or that he committed a new crime in violation of section 15A-1343(b)(1). Accordingly, the trial court erred in revoking defendant's probation.

**Conclusion**

We reverse the trial court's judgments revoking defendant's probation and remand this matter to the trial court for the entry of an appropriate judgment stemming from defendant's probation violations, consistent with the provisions of N.C. Gen. Stat. § 15A-1344.

REVERSED AND REMANDED.

Judges STEPHENS and ERVIN concur.

Report per Rule 30(e).