An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-219
NORTH CAROLINA COURT OF APPEALS

Filed: 5 August 2014

STATE OF NORTH CAROLINA

v.                                    Forsyth County
                                      No. 11 CRS 55247
ANGELICA CORNISE TUCKER


Appeal from judgment entered 12 July 2013 by Judge David Hall in Forsyth County Superior Court. Heard in the Court of Appeals 21 July 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Adam M. Shestak, for the State.*

> *James N. Freeman, Jr., for defendant-appellant.*


HUNTER, JR., Robert N., Judge.


Defendant appeals from a judgment entered upon revocation of her probation. We reverse the judgment and remand for further proceedings.

On 21 May 2012, defendant pled guilty to negligent child abuse resulting in serious bodily injury, which she committed on 28 December 2010. The trial court sentenced her to a suspended

prison term of twenty to thirty-three months and placed her on eighteen months of supervised probation.

In reports filed on 19 December 2012 and 2 April 2013, defendant was charged with violating multiple conditions of her probation. After a hearing on 12 July 2013, the trial court found defendant had willfully committed five of the alleged violations.[1] Further concluding that "at least one of the violations authorizes revocation of her . . . probation and activation of her suspended sentence," the court revoked defendant's probation and activated her prison sentence of twenty to thirty-three months.

Citing this Court's holding in *State v. Nolen*, ___ N.C. App. ___, ___, 743 S.E.2d 729, 730–31 (2013), defendant now argues that the trial court lacked the authority to revoke her probation due to the constraints enacted by the Justice Reinvestment Act of 2011 ("JRA"). The State concedes that the court erred for the reasons set forth in *Nolen*. We agree with the parties' analysis.

"[F]or probation violations occurring on or after 1 December 2011, the JRA limited trial courts' authority to revoke

---

[1] Although the trial court found a sixth violation in open court, *i.e.*, defendant's failure to provide a DNA sample to the local sheriff, the judgment does not reflect this finding.

probation to those circumstances in which the probationer: (1) commits a new crime in violation of N.C. Gen. Stat. § 15A-1343(b)(1); (2) absconds supervision in violation of N.C. Gen. Stat. § 15A-1343(b)(3a); or (3) violates any condition of probation after serving two prior periods of [confinement in response to violation] under N.C. Gen. Stat. § 15A-1344(d2)." *Nolen*, ___ N.C. App. at ___, 743 S.E.2d at 730 (citing N.C. Gen. Stat. § 15A-1344(a) (2013)). Moreover, the "absconding" condition in § 15A-1343(b)(3a) (2013), which was enacted as part of the JRA, applies only to defendants who are placed on probation for "'*offenses* committed on or after 1 December 2011[.]'" *Id.* at ___, 743 S.E.2d at 731 (quoting *State v. Hunnicutt*, ___ N.C. App. ___, ___, 740 S.E.2d 906, 911 (2013)).

In the case *sub judice*, defendant committed her probation violations in 2012 and 2013, and committed the underlying criminal offense in 2010. Therefore, the trial court's revocation authority was limited by the JRA's amendments to N.C. Gen. Stat. § 15A-1344(a), and defendant was not subject to the new "absconding" condition codified in N.C. Gen. Stat. § 15A-1343(b)(3a).

Paragraph 2 of the report filed 2 April 2013 alleged that defendant had violated the regular condition of probation found

in N.C. Gen. Stat. § 15A-1343(b)(2) (2013), which required her to "[r]emain within the jurisdiction of the Court unless granted written permission to leave by the Court or the probation officer[.]" In support of this charge, the report specifically alleged that "[d]efendant has absconded supervision and her whereabouts are unknown at this time." Moreover, in finding this violation, the court announced itself "satisfied that the defendant did abscond supervision as indicated in paragraph number 2[.]" Notwithstanding this use of the term "abscond" to describe a defendant's violation of N.C. Gen. Stat. § 15A-1343(b)(2), the fact remains that defendant was not subject to the condition that she "[n]ot abscond" in N.C. Gen. Stat. § 15A-1343(b)(3a); nor was she subject to revocation for the charged violation of (b)(2). *Nolen*, ___ N.C. App. at ___, 743 S.E.2d at 731. Insofar as the court revoked defendant's probation for absconding supervision, the court exceeded its authority under N.C. Gen. Stat. § 15A-1344(a). *Id.* at ___, 743 S.E.2d at 731.

Paragraph 4 of the report filed on 19 December 2012 alleged defendant's commission of a new crime, in violation of N.C. Gen. Stat. § 15A-1343(b)(1), in that she was "charged with misdemeanor larceny on December 7, 2012[.]" Defendant adduced evidence that she had pled guilty to the Class 3 misdemeanor of

shoplifting. *See* N.C. Gen. Stat. § 14-72.1(e) (2013). Although the State contested the issue, the trial court expressly found as follows:

> As to paragraph number [4] the misdemeanor larceny, the court does not find that, or is not substantially satisfied. . . . However, [defendant] was convicted of a [C]lass 3 misdemeanor, which does bear on her performance. It's just not independent and in and of itself a reason to revoke her probation.

Thus, while the court found the violation alleged in paragraph 4, it correctly noted "that probation may not be revoked solely for conviction of a Class 3 misdemeanor." N.C. Gen. Stat. § 15A-1344(d) (2013). Because defendant was not found to have committed another violation of N.C. Gen. Stat. § 15A-1343(b)(1), she was not subject to revocation for committing a new crime.

Finally, both violation reports indicate defendant had served no periods of confinement in response to violation under N.C. Gen. Stat. § 15A-1344(d2). As the trial court made no finding to the contrary, defendant's probation could not revoked on this ground.

The judgment includes a finding by the trial court that it was authorized to "revoke defendant's probation . . . for the willful violation of the condition(s) that []she not commit any criminal offense, G.S. 15A-1343(b)(1), or abscond from

supervision, G.S. 15A-1343(b)(3a)[.]" "This finding is erroneous." *Nolen*, \_\_\_ N.C. App. at \_\_\_, 743 S.E.2d at 731. We must therefore reverse the judgment and "remand to the trial court for entry of an appropriate judgment for Defendant's . . . probation violations consistent with the provisions of N.C. Gen. Stat. § 15A-1344." *Id.* at \_\_\_, 743 S.E.2d at 731.

Reversed and remanded.

Judges BRYANT and STROUD concur.

Report per Rule 30(e).