An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-245

NORTH CAROLINA COURT OF APPEALS

Filed: 19 August 2014

STATE OF NORTH CAROLINA

v.                                    Guilford County
                                      No. 11CRS081948
SY LUCAS,
    Defendant.

Appeal by defendant from judgment entered 10 October 2013 by Judge James M. Webb in Guilford County Superior Court. Heard in the Court of Appeals 11 August 2014.

> *Attorney General Roy A. Cooper III, by Assistant Attorney General Letitia C. Echols, for the State.*

> *Willis Johnson & Nelson, PLLC, by Drew Nelson for defendant-appellant.*

STROUD, Judge.

Defendant Sy Edward Lucas appeals from judgment entered upon revocation of his probation. For the reasons discussed herein, we reverse the judgment and remand for further proceedings.

On 3 February 2012, pursuant to a plea agreement, defendant entered an *Alford* plea to one count of accessory after the fact

to discharge of a weapon into occupied property. In accordance with the plea agreement, the trial court sentenced defendant to thirteen to sixteen months imprisonment. The trial court suspended the sentence and placed defendant on supervised probation for thirty-six months.

On 20 July 2012, defendant's probation officer filed a violation report alleging defendant violated the conditions of his probation in that he failed to pay court costs and probation supervision fees, admitted to recently using an illegal drug, and was convicted of attempted larceny. In response to the criminal conviction the trial court modified defendant's probation at the 30 October 2012 violation hearing so that he was required to serve two days at Guilford County Farm, undergo a TASC substance abuse assessment and complete the One Step Further program.

Defendant's probation officer filed an additional violation report on 26 July 2013 alleging that defendant tested positive for marijuana twice, failed to pay court costs and probation supervision fees, was discharged from TASC and the One Step Further program for non-compliance, attempted to falsify a drug screen, and admitted to using marijuana on two separate occasions.

On 6 September 2013, defendant's probation officer filed a violation report alleging defendant failed to appear in superior court for his violation hearing on 20 August 2013, and failed to report to his probation officer on 20 August 2013 and 3 September 2013. An order for arrest was issued and defendant was arrested on 11 September 2013.

The matter came on for a probation violation hearing on 30 September 2013. The defendant admitted and the trial court found that he violated the conditions of his probation willfully and without lawful excuse. The trial court revoked defendant's probation and activated his suspended sentence. Defendant timely gave oral notice of appeal.

Defendant's argument on appeal is that the trial court erred in revoking his probation because: (1) defendant's underlying offense was committed prior to 1 December 2011, (2) he did not abscond, (3) the court's oral judgment was based on the 6 September 2013 violation report which did not document a new criminal offense, and (4) he had not previously received two periods of confinement in response to a violation. We agree that the trial court erred in revoking defendant's probation, and the State concedes that the judgment should be reversed.

We are unable to distinguish the present case from our recent decision in *State v. Nolen*, ___ N.C. App. ___, 743 S.E.2d 729 (2013). In *Nolen*, the defendant argued the trial court lacked statutory authority to revoke her probation based upon the violations alleged by her probation officer. The defendant contended that her violations occurred after the effective date of the Justice Reinvestment Act ("JRA"), which limited the trial court's authority to revoke probation for violations occurring on or after 1 December 2011. *Nolen*, ___ N.C. App. at ___, 743 S.E.2d at 730.

> [F]or probation violations occurring on or after 1 December 2011, the JRA limited trial courts' authority to revoke probation to those circumstances in which the probationer: (1) commits a new crime in violation of N.C. Gen. Stat. § 15A-1343(b)(1); (2) absconds supervision in violation of N.C. Gen. Stat. § 15A-1343(b)(3a); or (3) violates any condition of probation after serving two prior periods of CRV [confinement in response to violation] under N.C. Gen. Stat. § 15A-1344(d2).

*Id.* (citing N.C. Gen. Stat. § 15A-1344(a)). This Court found that the trial court erred in finding her in violation of the new absconding condition set forth in N.C. Gen. Stat. § 15A-1343(b)(3a) because it was not in existence at the time she committed her offenses. *Id.* at ___, 743 S.E.2d at 731. Under

the JRA, "the new absconding condition [is] applicable only to offenses committed on or after 1 December 2011, while the limited revoking authority remained effective for probation violations occurring on or after 1 December 2011." *State v. Hunnicutt*, ___ N.C. App. ___, ___, 740 S.E.2d 906, 911 (2013).

In the present case, although the probation officer told the trial court that defendant absconded and the trial court found that defendant had absconded, the absconding condition was not applicable to defendant. As noted above, the absconding condition only applies to offenses committed on or after 1 December 2011, and defendant's underlying offense was committed on 13 July 2011. Accordingly, the trial court erred in revoking defendant's probation based on an inapplicable finding of absconding supervision under N.C. Gen. Stat. § 15A-1343(b)(3a)(2013).

Here, the oral rendering of judgment was based only on the allegations in the 6 September 2013 violation report, which did not include any criminal law violations. The trial court solely found that defendant had:

> unlawfully, willfully, and without legal justification violated the terms and conditions of his probation as is alleged in the violation report file-stamped September 6, 2013, and incorporates those allegations herein and

> specifically finds that the respondent has absconded supervision.

> The sentence heretofore suspended is to be activated[.]

Defendant's positive tests for marijuana from the 17 July 2013 violation report were not convicted crimes nor was the report presented to or before the trial court when it rendered judgment. Defendant's criminal conviction for attempted larceny from the 20 July 2012 violation report was already addressed through probation modification, and that report was not presented to or before the trial court when it rendered judgment. Therefore, neither violation report could be considered by the trial court or used as additional grounds for probation revocation in the written judgment.[1]

In summary, the absconding supervision condition of N.C. Gen. Stat. § 15A-1343(b)(3a) is not applicable; there was no evidence at the hearing that defendant had committed a new crime in violation of N.C. Gen. Stat. § 15A-1343(b)(1); and defendant had not served two prior periods of confinement in response to violation under N.C. Gen. Stat. § 15A-1344(d2). *See* N.C. Gen. Stat. § 15A-1344(a) (2013); *Nolen*, ___ N.C. App. at ___, 743

---

[1] While the written judgment cites a violation report dated "7/7/13" it is referring to the violation report dated 7/17/13.

S.E.2d at 730.  Therefore, we conclude the trial court erred in revoking defendant's probation.  As a result, we do not address defendant's remaining arguments.  We reverse the judgment and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.

Judges BRYANT and HUNTER, JR., Robert N. concur.

Report per Rule 30(e).