An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-436

NORTH CAROLINA COURT OF APPEALS

Filed: 7 October 2014

STATE OF NORTH CAROLINA

  v.                                       Alamance County
                                           No. 11 CRS 54334
LARRY STEVENSON AVANT


Appeal by defendant from judgment entered 12 December 2013 by Judge William R. Pittman in Alamance County Superior Court. Heard in the Court of Appeals 25 August 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Ann Stone, for the State.*

> *Mark Hayes, for defendant-appellant.*


CALABRIA, Judge.


Larry Stevenson Avant ("defendant") appeals from a judgment entered upon the revocation of his probation that activated his suspended sentence. We vacate the judgment and remand.

On 3 April 2012, the trial court sentenced defendant to a minimum of 11 months and a maximum of 14 months in the custody of the Division of Adult Correction for selling marijuana. The offense occurred on 7 March 2011. Defendant's sentence was

suspended and he was placed on supervised probation for 36 months.

On 17 October 2013, defendant's probation officer, Michael T. Haworth ("Haworth") filed a violation report in defendant's case. Haworth alleged, *inter alia*, that defendant had tested positive for marijuana; had failed to obtain prior approval or to notify him regarding a change in address; that defendant had absconded supervision by making his whereabouts unknown; and that defendant had failed to be at home or answer the door when Haworth attempted to conduct a home visit.

At a hearing on 9 December 2013, defendant denied the willfulness of the alleged violations. After hearing testimony from both Haworth and defendant, the trial court found that defendant had wilfully violated several conditions of his probation. Specifically, the trial court found that defendant tested positive for marijuana, failed to notify Haworth of an address change, absconded supervision by failing to inform Haworth of his whereabouts, failed to be at home or answer the door when Haworth attempted to conduct a home visit, and failed to pay the Clerk of Superior Court the total amount due on his court costs. The trial court revoked defendant's probation

and activated his 11 to 14 month suspended sentence. Defendant appeals.

Defendant argues that the trial court erred by revoking his probation and activating his sentence based upon a finding that he absconded from supervision when the offense for which he was sentenced occurred prior to 1 December 2011, and none of the other violations permitting the revocation of his probation and activation of the sentence applied. We agree.

The Justice Reinvestment Act of 2011 limits the trial court's discretion to revoke a defendant's probation. "The court may only revoke probation for a violation of a condition of probation under G.S. 15A-1343(b)(1) or G.S. 15A-1343(b)(3a) except as provided in G.S. 15A-1344(d2)." N.C. Gen. Stat. § 15A-1344(a) (2013). "When a defendant under supervision for a felony conviction has violated a condition of probation other than G.S. 15A-1343(b)(1) or G.S. 15A-1343(b)(3a), the court may impose a period of confinement of 90 consecutive days. The court may not revoke probation unless the defendant has previously received a total of two periods of confinement[.]" N.C. Gen. Stat. § 15A-1344(d2) (2013).

In *State v. Nolen*, ___ N.C. App. ___, 743 S.E.2d 729, 731 (2013), this Court held that the trial court lacked authority

under the Justice Reinvestment Act of 2011 to revoke the defendant's probation and activate a sentence for absconding from supervision when the offense for which the defendant was sentenced occurred prior to 1 December 2011, the violation occurred after that date, the defendant had not committed a new crime in violation of N.C. Gen. Stat. § 15A-1343(b)(1), and the defendant had not served two periods of confinement in response to the violation pursuant to N.C. Gen. Stat. § 15A-1344(d2).

In the instant case, defendant's offense occurred on 7 March 2011, a date prior to 1 December 2011. The State concedes that the facts in the instant case are indistinguishable from *Nolen*, because defendant's probation violation occurred after 1 December 2011, defendant did not commit a new crime, nor had he served two periods of confinement in response to a violation pursuant to N.C. Gen. Stat. § 15A-1344(d2). Therefore, the judgment must be vacated, and the matter should be remanded for further proceedings.

We accordingly vacate the judgment and remand for further proceedings and entry of an appropriate judgment or order consistent with the provisions of N.C. Gen. Stat. § 15A-1344.

Vacated and remanded.

Judges GEER and McCULLOUGH concur.

Report per Rule 30(e).