An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-396

Filed: 20 October 2015

Forsyth County, No. 11CRS061384

STATE OF NORTH CAROLINA

v.

COLT LEWIS BARBER

Appeal by Defendant from judgment entered 11 April 2014 by Judge Martin B. McGee in Forsyth County Superior Court. Heard in the Court of Appeals 12 October 2015.

> *Attorney General Roy A. Cooper, III, by Assistant Attorney General B. Carrington Skinner, IV, for the State.*
>
> *Margaret C. Lumsden, for the Defendant.*

DILLON, Judge.

Colt Lewis Barber ("Defendant") appeals from a judgment upon the revocation of his probation. Because the trial court lacked jurisdiction to revoke Defendant's probation based on absconding, we reverse and remand.

On 10 September 2012, a jury found Defendant guilty of possession of a firearm by a felon, with an offense date of 16 November 2011. The trial court sentenced

Defendant to twelve to fifteen months of imprisonment, suspended the sentence, and placed Defendant on thirty-six months of supervised probation.

On 21 October 2013, Defendant's probation officer filed a violation report alleging that Defendant violated his probation in various ways: (1) failing to complete a substance abuse treatment program; (2) testing positive for cocaine; (3) failing to report as directed to his probation officer; (4) failing to notify his probation officer of his change of address; and (5) not making himself available for supervision and not making his whereabouts known.

On 11 April 2014, a probation revocation hearing was held in the trial court. Defendant, through counsel, denied willfully violating the terms of his probation, with the exception of failing to report as directed on one occasion. The probation officer testified that he was unaware of Defendant's whereabouts from August of 2013 until late October that same year.

The trial judge found that Defendant had willfully violated the five conditions listed on the violation report. He determined that revocation was warranted based upon "absconding" despite the exact term not being used in paragraph five of the violation report. The trial court revoked Defendant's probation and imposed judgment activating the suspended sentence. Defendant appealed.

Defendant contends, and the State concedes, that the trial court erred in revoking his probation. Based on this Court's holding in *State v. Nolen*, ___ N.C. App.

___, ___, 743 S.E.2d 729, 730-31 (2013), we agree that the trial court lacked the authority to revoke defendant's probation due to the constraints enacted by the Justice Reinvestment Act of 2011 ("JRA"). Specifically, the "absconding condition" in the JRA, *see* N.C. Gen. Stat. § 15-1443(b)(3a) (2013), is "applicable only to *offenses* committed on or after 1 December 2011[.]" *Id.* In the present case, the underlying offense occurred on 16 November 2011. Accordingly, the trial court did not have the authority to revoke Defendant's probation for "absconding" under N.C. Gen. Stat. § 15-1443(b)(3a).

REVERSED AND REMANDED.

Chief Judge McGEE and Judge HUNTER, JR., concur.

Report per Rule 30(e).