An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-504

Filed 3 June 2026

Greene County, No. 24CR000333-390

STATE OF NORTH CAROLINA

v.

JOSHUA LYNN MORRIS, Defendant.

Appeal by defendant from judgment entered 27 August 2024 by Judge Imelda J. Pate in Superior Court, Greene County. Heard in the Court of Appeals 22 September 2025.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Daniel O'Brien, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Aaron Thomas Johnson, for the defendant-appellant.*

PER CURIAM.

Defendant Joshua Lynn Morris appeals from a judgment revoking his probation. Defendant contends that the trial court's order contains a clerical error and must be remanded to the trial court. The State agrees. Accordingly, we remand the order for the trial court to correct the clerical error.

## I. Background

On 14 August 2023, Defendant pled guilty to one count of failing to return rented property in violation of North Carolina General Statute Section 14-167. *See* N.C. Gen. Stat. § 14-167 (2025) (Failure to return hired property). The trial court entered judgment and imposed an active sentence of 9 to 20 months' imprisonment, suspended for 24 months of supervised probation. On 26 July 2024, Defendant's probation officer filed a report alleging three probation violations:

1. Condition of Probation "Not use, possess or control any illegal drug or controlled substance unless it has been prescribed for the defendant by a licensed physician and is in the original container with the prescription number affixed on it[]" in that WHILE PROVIDING A URINE SAMPLE FOR DRUG SCREENING, THE DEFENDANT WAS OBSERVED WITH A DEFRAUDING DEVICE OR "WHIZINATOR" TYPE DEVICE AFFIXED TO HIS PERSON.

2. Condition of Probation "Submit at reasonable times to warrantless searches by an officer of the defendant's person, and of the defendant's vehicle and premises while the defendant is present" in that THE DEFENDANT REFUSED TO PROVIDE HIS OWN SAMPLE OF URINE AND WAS FOUND IN POSSESSION OF A DEFRAUDING DEVICE FILLED WITH URINE.

3. General Statute 15A-1343(b)(l) "Commit no criminal offense in any jurisdiction" in that THE DEFENDANT WAS CHARGED WITH MISDEMEANOR RESISTING PUBLIC OFFICER IN GREENE COUNTY ON 7/25/2024, 24CR504745. THE DEFENDANT WAS ALSO CHARGED WITH MISDEMEANOR DEFRAUD DRUG/ALCOHOL TEST ON 7/25/2024, 24CR368156.

Defendant's probation revocation hearing was held on 27 August 2024. At the close of the hearing, the trial court found that Defendant had willfully violated "all of the violations alleged in the violation report." The court then stated:

> The [c]ourt is going to make an independent finding that the [c]ourt has been reasonably satisfied that . . . [D]efendant has committed the offense of resist and delay a public officer. The [c]ourt is therefore going to revoke the suspended sentence in both the active sentence of not less than 9 or 20 months in the North Carolina Department of Adult Correction.

The court's decision to revoke Defendant's probation appeared, therefore, to be based on its finding that Defendant committed a new criminal offense (the violation report's third allegation).

The trial court entered a judgment revoking Defendant's probation on 27 August 2024. On the pre-printed judgment, the court checked box 4, indicating that "[e]ach violation is, in and of itself, a sufficient basis upon which this [c]ourt should revoke probation and activate the suspended sentence."

Defendant appeals.

## II.   Appellate Jurisdiction

Between 4 and 10 September 2024, Defendant sent three *pro se* notices indicating his intent to appeal the trial court's judgment. Two of these messages were sent to the Greene County Clerk of Court on 10 September 2024 and were filed that same day. In compliance with Rule 4 of the North Carolina Rules of Appellate Procedure, Defendant's notices were timely, identified the order Defendant sought to

appeal, and were signed by Defendant. *See* N.C. R. App. P. 4. However, in violation of Rule 4, the *pro se* notices were not served on the State and did not identify the court to which Defendant was appealing. *See id.*

On 26 June 2025, "out of an abundance of caution," Defendant filed a petition for writ of certiorari (PWC), "ask[ing] this Court to issue [a] writ of certiorari, if necessary, to review the trial court's 27 August 2024 revocation judgment." *See* N.C. R. App. P. 21(a)(1) ("The writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action . . . ."). In its reply, the State agreed with Defendant that the judgment "appears to contain a clerical error" and "submit[ted] that it is within this Court's discretion whether to review that issue by certiorari."

As to the specific deficiencies in Defendant's *pro se* notices—failure to identify the court to which appeal is taken and certifying service on the State—this Court

> has acknowledged these are not the sorts of defects requiring dismissal of an appeal on a jurisdictional basis. *State v. Miller*, 259 N.C. App. 734, 813 S.E.2d 482, *disc. rev. denied*, 371 N.C. 477, 818 S.E.2d 289 (2018) (unpublished). Rather, if the State does not object, we may deem the appeal properly taken from a jurisdictional standpoint. *Id.* Here, the State raises no objection. Nevertheless, as the adequacy of [the d]efendant's *pro se* handwritten Notices of Appeal, at best, remains questionable, we allow [the d]efendant's [PWC] to ensure our appellate jurisdiction over his appeal.

*State v. Baungartner*, 273 N.C. App. 580, 583, 850 S.E.2d 549, 551 (2020). We do the

same here and allow Defendant' PWC.

## III. Analysis

Defendant argues that the trial court's judgment contains a clerical error— the check next to box 4. The State agrees, noting that "after the trial court found sufficient evidence of a new criminal violation it should not have selected box 4."

It is well established that a court's authority to revoke probation is limited "to those circumstances in which the probationer: (1) commits a new crime in violation of N.C. Gen. Stat. § 15A-1343(b)(1); (2) absconds supervision in violation of N.C. Gen. Stat. § 15A-1343(b)(3a); or (3) violates any condition of probation after serving two prior periods of CRV under N.C. Gen. Stat. § 15A-1344(d2)." *State v. Nolen*, 228 N.C. App. 203, 205, 743 S.E.2d 729, 730 (2013). Here, the violation report alleged that Defendant violated three conditions of his probation: (1) "[n]ot use, possess or control any illegal drug or controlled substance"; (2) "[s]ubmit at reasonable times to warrantless searches"; and (3) "[c]ommit no criminal offense in any jurisdiction." Because the violation report neither alleged that Defendant absconded nor indicated that Defendant had served two prior periods of CRV, the *only* allegation that could result in the revocation of Defendant's probation was that Defendant committed a new criminal offense. *See id.* So the court erred in checking box 4, which stated that all three violations were revokable.

Both parties agree: "The case should be remanded for correction of clerical error." This Court has explained that remand is appropriate to correct a clerical error:

> When, on appeal, a clerical error is discovered in the trial court's judgment or order, it is appropriate to remand the case to the trial court for correction because of the importance that the record "speak the truth." A clerical error is an error resulting from a minor mistake or inadvertence, especially in writing or copying something on the record, and not from judicial reasoning or determination.

*State v. Lark*, 198 N.C. App. 82, 95, 678 S.E.2d 693, 702–03 (2009) (citation, quotation marks, and brackets omitted). As a result, we remand the order to the trial court to correct the clerical error.

## IV. Conclusion

We remand the judgment to the trial court to correct the clerical error and uncheck box 4 on the judgment.

REMANDED FOR CORRECTION OF CLERICAL ERROR.

Panel consisting of Judges STROUD, TYSON, and HAMPSON.

Report per Rule 30(e).